THOMAS WYNN, plaintiff in error, vs. EFFORD BOOKER, et al. defendants in error.

Joint executors are "joint contractors," as it concerns contracts of their testator; and therefore, service on a part of them and a return of, not to be found, as to the other part, is sufficient, in an action against them.

Complaint, in Wilkes Superior Court. Decision by Judge THOMAS, at September Term, 1858.

This was an action of complaint on open account, brought by Thomas Wynn against Efford Booker, Simpson Booker and Leroy Booker, executors of Richardson Booker, deceased. The account created by the testator. The declaration

and process were served on Efford Booker and Simpson, and an entry of not to be found, was made as to Leroy Booker.

Upon the cause being called, counsel for defendants, moved to dismiss the action, on the ground that Leroy Booker, one of the defendants, had not been served with copy writ and process.

The Court granted the motion, and counsel for plaintiff excepted.

Counsel for defendant, then by leave of the Court, amended his declaration and process, by striking out the name of said Leroy Booker.

Whereupon, counsel for defendants pleaded in abatement the nonjoinder of said Leroy Booker, who was at the commencement of this suit a co-executor, &c.

The Court sustained the plea, and dismissed plaintiffs action, and counsel for plaintiff excepted.

ANDREWS & ANDREWS, for plaintiff in error.

THOMAS & REESE, *contra*.

*By the Court.*—BENNING, J. delivering the opinion.

The action was founded on an account, i. e. a debt, contracted by the testator in his lifetime. In reference to the account or debt, then, the *testator* was a *contractor*.

The three executors represented the testator, in reference to the account or debts; and an action *ex contractu*, as, assumpsit or debt, lay against them jointly for it. Therefore, they too were, in law, *contractors* in reference to its joint contractors. Indeed, it is not clear, but that the oath which they took, made them joint contractors *in fact*, as well as in law. They swore, that they would pay "first the debts and then the legacies." *Pr. Dig.* 227.

But if the executors were joint contractors, the case was one falling within the Act of 1820, which declares, "that

wherever two or more joint contractors or copartners, are sued in the same action, and a service shall be effected on one or more" of them, " and the Sheriff" " shall return, that the other defendant or defendants are not to be found, it shall and may be lawful, for the plaintiff to proceed to judgment and execution against" those served. *Pr. Dig.* 445. We think the case one falling within this act.

And all was done that the Act required to be done. Two of the executors were served; and a return of, not to be found, was made as to the third, by the Sheriff.

Therefore, we think, that the Court below erred in sustaining the motion to dismiss the action.

This makes it unnecessary to consider the other exceptions.

Judgment reversed