## IRWIN v. LARSON.
### No. 8515.

Circuit Court of Appeals, Fifth Circuit.

Jan. 21, 1938.

Frank Thompson and Richard P. Daniel, both of Jacksonville, Fla., and Gordon C. Carson, of Savannah, Ga., for appellant.

Paul R. Russell and Sewall Key, Sp. Assts. to the Atty. Gen., James W. Morris, Asst. Atty. Gen., and Herbert S. Phillips, U. S. Atty., of Tampa, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

David D. Irwin, as executor of George J. Baldwin, sued the Collector of Internal Revenue to recover income taxes illegally exacted from the testator's estate. His suit was dismissed on motion, and he appeals.

The petition alleges that testator in his lifetime made his return of income for the year 1924. The Commissioner, subsequently to testator's death, under date of September 21, 1928, sent a notice of a proposed assessment of deficiency addressed to the testator at his home in Savannah, Ga. This notice was received by George H. Baldwin, a son and at that time a coexecutor of the testator, who from Jacksonville, Fla., made a protest. He therein gave the names of both executors and their address as Jacksonville, and then proceeded in behalf of both to state the grounds of the protest. He alone signed and swore to the protest. On November 15, 1928, the Commissioner issued a notice of final determination of the· deficiency, addressing it to "George H. Baldwin, Executor Estate of George J. Baldwin," Jacksonville, Fla. This notice contained the usual reminder that a petition for redetermination of the tax by the Board of Tax Appeals might be filed within sixty days. About December 14, 1928, "George H. Baldwin, Executor of Estate of George J. Baldwin, Petitioner," by attorney at law, filed a formal petition before the Board

of Tax Appeals which exhibited the notice of November 15th, and sought to defend against the assessed tax, not on any ground peculiar to himself as executor, but because the decedent did not owe it. The affidavit to the petition executed by George H. Baldwin states that he is the executor of the estate of George J. Baldwin and duly authorized to verify the petition. Over four years later, on April 18, 1933, the Board decided the case, holding that no evidence was offered "which succeeded in showing the Commissioner erred in determining the deficiency." The petitioner thereupon raised a question of the Board's jurisdiction, since there were two executors and the Commissioner's notice had been sent to but one of them, and he alone had petitioned the Board; and he moved the Board to vacate its decision, but if it held it had jurisdiction under the notice, to make the coexecutor Irwin a party with right to introduce further evidence and be heard. This motion the Board overruled, and a final judgment of redetermination was rendered on October 31, 1933. The Collector threatened to collect the tax from the assets of the estate in Florida, and the two executors paid it under protest. George H. Baldwin then resigned as executor, and was released by the Georgia probate court. Irwin, the remaining executor, sought refund of the tax, which the Commissioner denied on the ground that the matter had been before the Board of Tax Appeals, and the present suit was filed. As ground for refund, the facts alleged are substantially those set out in the protest and the petition to the Board of Tax Appeals filed by George H. Baldwin, but it is also averred that Irwin "did not as an individual or in his capacity as executor aforesaid join in that petition or participate in any of the proceedings had thereunder, and had no knowledge thereof until after all of said proceedings had been terminated." Irwin sues as a citizen of Illinois and resident there.

If the present petition had omitted all reference to the proceedings before the Board of Tax Appeals instead of exhibiting them, the ordinary case of a tax paid under protest, refund denied, and suit for recovery would be presented. The point made is that by Revenue Act of 1928, § 322, 45 Stat. p. 791, 26 U.S.C.A. § 322 and note, it is provided: "If the Commissioner has mailed to the taxpayer a

notice of deficiency under section 272(a) and if the taxpayer files a petition with the Board of Tax Appeals, * * * no credit or refund * * * shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court," with exceptions not here material. The reply offered is that the notices to and the action by George H. Baldwin was not notice to and action by the "taxpayer."

In the Revenue Acts of 1926, § 2(a) (1, 9), 44 Stat. 9, and of 1928, § 701 (a) (1, 13), 45 Stat. 791, 878, 879, 26 U.S.C.A. § 1696 (1, 14) and note, these definitions occur: "The term 'taxpayer' means any person subject to a tax imposed by this title [the Act]." "The term 'person' shall be construed to mean and include an individual, a trust, estate, partnership, * * * or corporation." George J. Baldwin was the taxpayer until his death, and his "estate" was the taxpayer afterwards. How may notice be given to an estate? Obviously, by notifying its legal representative. If there be more than one, notice in ordinary matters to one would be notice to all. It would be the duty of one having notice to impart it to the others. Especially in the case of coexecutors are all regarded as one in dealings with the public. Each is authorized to represent the estate in discharging the usual functions of an executor; the act of one being the act of all. Wilkerson v. Wootten, 28 Ga. 568; Schuler, Execrs. and Admrs., 6th Ed., § 3223; 11 R.C.L., Execrs. and Admrs., § 491; 24 C.J., Execrs. and Admrs., § 2815. When, however, special trusts are devolved upon them by the will, they are as to such matters trustees and according to the law of trusts all must join in executing them. 11 R.C.L., supra; 24 C.J., Execrs. and Admrs., § 2816; Hosch Lumber Co. v. Weeks, 123 Ga. 336, 339, 51 S.E. 439. This, indeed, is statute law in Georgia, where the testator resided and where his will was probated and these executors qualified, with the added provision that all must join in making contracts binding on the estate or in paying out funds belonging to the estate. Georgia Code of 1933, § 113-1504. In legal proceedings, however, it is proper that coexecutors should join when suing and be joined when sued. 11 R.C.L., Execrs. and Admrs., § 504; 24 C.J., Execrs. and Admrs., §§ 2038, 2039. If one is omitted, the remedy is by plea in abate-

ment. Packer v. Wilson, 15 Wend., N.Y., 343. If no such plea is filed, we take it that the defect is waived and the judgment valid. In Wynn v. Booker, 26 Ga. 553, where a coexecutor could not be found to be served, the estate was held to be sufficiently represented to have its liability adjudicated, under a Georgia statute relating to joint defendants. See, also, Ross v. Drouilhet, 34 Tex.Civ.App. 327, 80 S.W. 241. In Gordon's Ex'x v. Goodwin, 2 Nott & McC., S.C., 70, 10 Am.Dec. 573, one of two coexecutors sued, and the nonjoinder was sought to be raised not regularly by plea in abatement, but by motion for nonsuit and for new trial. The court did not hold the suit void, but overruled the objection thus made and gave judgment for the plaintiff. And see Scruggs v. Gibson, 40 Ga. 511. It seems to be established that one of two coexecutors can submit a claim for or against the estate to arbitration. 24 C.J., Execrs. & Admrs., § 2829. Hewlett v. Almand, 29 Ga.App. 392, 115 S.E. 501, holds that one of two coexecutors in Georgia cannot admit bindingly the validity of a claim against the estate because in effect making a contract binding upon the estate contrary to the statute. But we think this cannot be said to be true when an executor does not himself undertake to make or pay an obligation of the estate but submits it to a proper tribunal for investigation and adjudication.

From this view of the law touching coexecutors we are of opinion that while a notice in a legal proceeding touching the estate ought regularly to be addressed to all its representatives, the estate will be affected by notice given one only of them when treated by him as sufficient and acted on by him in defending the estate against the claim. Notice in the present case was thus given the taxpayer, the estate of George J. Baldwin, of the deficiency. Also, the petition of the notified executor to the Board of Tax Appeals in behalf of the estate, pending for four years without any objection from any source because of nonjoinder of the other executor, and fully presenting the defense of the estate, is the petition of the taxpayer, said estate. The Board of Tax Appeals is not strictly a court, Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918, but procedure before it resembles court procedure, and good practice would require that all the representatives of an estate be parties that they may be heard. But we think that where one of them brings the estate's matter before the Board, the other remaining inactive, even though ignorant of the proceeding, that a decision on the merits binds the estate. The decision here was acquiesced in; no review of it being sought before the Circuit Court of Appeals. We do not think the active executor by resigning and placing the other in full charge could relieve the estate of the consequences of the decision of the Board of Tax Appeals. The right to ask or sue for a refund for the estate was gone.

Judgment affirmed.