## UNITED STATES v. LYMAN et al.
### No. 7297.

District Court, D. Massachusetts.

Dec. 13, 1940.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

J. Watson Flett, Adams & Blinn, and John F. Doherty, all of Boston, Mass., for defendant.

FORD, District Judge.

This is a suit brought by the United States of America by a writ dated May 18, 1938, against the executors of the estate of Jesse P. Lyman. There are four counts in the declaration, the first of which is waived by the government. The second count is brought for the recovery of $12,241.63, with interest, being income taxes assessed against the defendants' testator, Jesse P. Lyman, for the period, January 1, 1931, to September 14, 1931. The third count is for a deficiency of $2,295.28 for the year 1930, with interest, and $17,983.99 for the year 1931, with interest, in the income tax liability of Jesse P. Lyman. Assessments of these latter deficiencies were

made December 30, 1932. The fourth count is for a deficiency of $4,657.91, with interest, in estate taxes, the assessment being made April 30, 1936, on a return filed by the executors dated March 11, 1933.

A jury trial claimed by the defendants was waived and the defendants agreed that judgment be entered for the plaintiff on the fourth count.

The applicable provisions of the Revenue Act appear in the margin.[1]

### Second Count.
### Findings of Fact.

■ The plaintiff, in order to establish its cause of action set out in the second count, offered in evidence a certified copy of the Commissioner's assessment list of taxes dated May 21, 1932. This list showed an income tax assessment to Jesse P. Lyman, the defendants' testator, amounting to $12,241.63.

The defendants introduced no evidence in connection with this cause of action but contended the certified copy of the Commissioner's assessment list did not sufficiently show an assessment of taxes against their testator. The certified copy shows plainly an . assessment against "Jesse P. Lyman, c/o Henry P. Jacob, [one of the executors of Jesse P. Lyman's estate] 803–813 Scollay Building, 40 Court Street, Boston", which, it was admitted, was the address of one Amos L. Taylor, a co-executor of Jacob.

The assessment list shows that the tax was assessed and no evidence has been introduced by the defendants to rebut that fact.

### Conclusions.

Suit was timely brought and I conclude that judgment be entered for the plaintiff, with costs, on this count.

### Third Count.
### Findings of Fact.

To establish the third cause of action the government offered in evidence a certified copy of the Commissioner's assessment list dated December 30, 1932, showing the assessment of deficiencies declared on against the Jesse P. Lyman estate.

Henry P. Jacob and Amos L. Taylor, executors of Lyman's estate, testified that they never at any time received a notice of the deficiencies involved, in accordance with the provisions of Section 272(a) of the Revenue Act of 1932, supra. Executor Taylor testified that all the letters he received in connection with this estate from the Internal Revenue Bureau were addressed to him at 40 Court Street, Boston. The evidence further showed that executor Jacob was formerly a secretary to Jesse P. Lyman and Jacob's business address since May, 1932, was 100 Milk Street, Boston. He testified that shortly after the death of Lyman in September, 1931, all the books concerning the Lyman estate were sent to 40 Court Street, the office of his co-executor, Taylor.

On behalf of the government, agent Curran of the Bureau of Internal Revenue, who is connected with the Boston office, testified he investigated the income tax liability of Jesse P. Lyman for the years in question. He stated he made most of his examination in April and May of 1932 at the office of executor Jacob, 100 Milk Street, Boston, and that Mr. Jacob gave him instructions to mail all communications concerning any tax deficiencies to him at that office—Room 630, 100 Milk Street, Boston, Massachusetts. The agent further testified that at the time of making his report he made a memorandum of these instructions at the top of his report, to the following effect: "Mail to Room 630, 100 Milk Street, Boston".

The government further showed that its clerks mailed a registered sixty-day letter dated October 14, 1932, to "Amos L. Taylor and Henry Jacob, Executors, Estate of Jesse P. Lyman, 100 Milk Street, Boston, Massachusetts", notifying the defendants of the amount of the deficiencies involved here.

---

[1] Revenue Act of 1932, c. 209, 47 Stat. 169, 233, 26 U.S.C.A.Int.Rev.Acts, pages 558, 561:

"§ 272. Procedure in General

"(a) *Petition to Board of Tax Appeals.* If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail.
* * * * * * *

"(k) *Address for Notice of Deficiency.* In the absence of notice to the Commissioner under section 312 (a) of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by this title, if mailed to the taxpayer at his last known address, shall be sufficient for the purposes of this title even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence."

From this evidence, I find as a fact that the agent, Curran, examined and checked the books and records of the deceased Lyman, in which was reflected his income tax liability for the years 1930 and 1931, at the office of executor Jacob, 100 Milk Street, Boston. I also find that agent Curran was directed to send to that address all notices of deficiencies in connection therewith and that the registered letter notifying the defendants of the deficiencies was sent to executors Taylor and Jacob at that address, in accordance with Jacob's instructions.

Section 272(k) provides that a notice of deficiency is effectual if mailed to the taxpayer's last known address. The Commissioner does not need to avail himself of the provisions of this section in sending notice of deficiencies when, as here, the taxpayer himself being deceased, the Commissioner had actual knowledge of the present address of one of the taxpayer's executors or legal representatives, an address that not only was the address of one of the executors but also the place designated by him to which all notices of deficiencies should be sent. Notice to one of the executors is tantamount to notice to all. Irwin v. Larson, 5 Cir., 94 F.2d 187, 189, 115 A.L.R. 386.

### Conclusions.

The plaintiff is entitled to judgment, with costs, on this count.

The final conclusion is that judgment will be entered for the plaintiff, with costs and interest, according to law, on the second, third and fourth counts of its declaration.