### UNITED STATES v. LYMAN et al.
### No. 3725.

Circuit Court of Appeals, First Circuit.
Jan. 23, 1942.

---

Frederic G. Rita, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to Atty. Gen., and Edmund J. Brandon and George F. Garrity, both of Boston, Mass., on the brief), for appellant.

John F. Doherty, of Boston, Mass. (J. Watson Flett, of Boston, Mass., on the brief), for appellees.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

Questions are presented in this appeal as to the application of Rules 41 and 60 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

On June 28, 1938, the United States filed in the court below a complaint against the defendants as executors of Jesse P. Lyman, deceased, setting forth four counts or causes of action for unpaid taxes. The first cause of action was for unpaid income taxes for the calendar year 1930 assessed by the Commissioner against the decedent on May 25, 1931. The second was for income taxes assessed against the decedent for the period from January 1, 1931, to September 14, 1931, the date of his death. The third was based upon deficiency assessments of income taxes against the decedent for the years 1930 and 1931. The fourth was based upon a deficiency assessment with respect to estate taxes. Defendants' answer was a general denial, and in addition set forth that the first three causes of action did not accrue within six years prior to the filing of the complaint.

The case came on for trial on November 19, 1940, before the district court without a jury. In his opening statement, counsel for the Government said: "As to the first cause of action, it appears on the face of the complaint that this suit is not timely with respect to that cause of action, and we therefore with the permission of the Court withdraw that cause of action from this suit. I believe that a stipulation will be entered into between the parties withdrawing that cause of action, and that is not before the Court." At the close of the evidence, on the same day, the defendants made a "motion for directed verdict" as to the first and third counts. The latter is not now relevant, but as to the first cause of action the motion was based upon the point that on the face of the declaration it appeared that the action was not begun within six years from the date of the assessment of the tax.

Following the "motion for directed verdict" the following colloquy took place:

"Mr. Doherty [for the defendants]. May it please your Honor, as I understand it now we are going to prepare something that is going to be equivalent to the dismissing and the final adjudication of Count 1.

"The Court. I understand Count 1 has been waived.

"Mr. Rita [for the United States]. It has been withdrawn.

"Mr Doherty. I understood we were going to file some stipulations.

"The Court. You can if you want. You don't need to. Count 1 is clear out of this case.

"Mr. Doherty. In order not to take up the time of this Court I am making a motion for a directed verdict on the first cause of action.

"Mr. Rita. As far as the form of this is concerned, as far as it is a directed verdict, I don't think the Court can in this trial direct a verdict.

"The Court. If that count is not before this Court how could you properly ask me to make a finding with reference to it if it is not before me? We are trying this case as if we never heard of any first count. You waive your first ground of your motion to direct a verdict. How about the second ground? Have you read it yet? Are you familiar with the second ground, Mr. Rita?"

On December 13, 1940, the district court filed its opinion, findings of fact and conclusions of law. 36 F.Supp. 53. The opinion recited: "There are four counts in the declaration, the first of which is waived by the government." On the same day the court entered its judgment for the plaintiff on the second, third and fourth causes of action "in accordance with the opinion of the court handed down this day." The judgment said nothing of the disposition of the first cause of action except as it referred to the opinion which, as we have stated, recited that this cause of action had been "waived" by the Government.

The defendants on March 28, 1941, filed a motion in the following terms:

"Now come the defendants in the above entitled action and respectfully represent to the Court that by error or mistake it does not appear of record herein that judgment was given to the defendants on the first cause of action as a result of the plaintiff's waiver and withdrawal of said cause of action after trial began and after defendant had pleaded the Statute of Limitation to said Count.

"Wherefore the defendants move that the Court order judgment for defendants on said Count and further order that the record herein be amended in accordance with said order as provided by Rule 60(a), Federal Rules, Civil Procedure."[1]

On March 31, 1941, without notice to the Government, the district court granted defendants' motion as follows:

"Defendants' motion for judgment on the first cause of action filed herein on the twenty eighth day of March, 1941, having this day been allowed, it is hereby Ordered that the judgment entered herein on the thirteenth day of December, 1940, be amended by adding thereto the following:

"Judgment on the first count for the defendant with prejudice and without costs."

Appeal has been duly taken by the Government from this order of March 31, 1941, amending the original judgment.

It appears in the record that on the day the judgment was amended, as above, execution issued at the instance of the plaintiff; and on April 2, 1941, the execution was returned to court, fully satisfied.

It is not clear to us why the plaintiff should feel itself aggrieved by the amended judgment, nor why the defendants are so insistent upon its retention. In a motion by the plaintiff to vacate the order amending the judgment (which motion the court below denied) it is recited that the first cause of action "is the subject of a proceeding, pending undetermined, between the plaintiff and the defendants in the Probate Court for the County of Middlesex, Massachusetts, and that if said judgment as amended is permitted to stand the plaintiff's said claim will be forever barred." No doubt the judgment for the

---

[1] Rule 60(a) reads: "(a) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

defendants on the first cause of action with prejudice is res judicata on the untimeliness of the complaint with respect thereto, and would prevent the plaintiff from maintaining a suit later instituted on the same claim. But we do not understand that this judgment would operate as res judicata on the merits of a timely suit already pending in another court. Cf. Am.L.Inst.Restatement of Judgments, Tentative Draft No. 1, § 312, comment a. If it were otherwise, the doctrine of res judicata would give the defendants here an obviously undeserved windfall. However, we are not called upon to decide this question in the present appeal.

Appellees argue in support of the amended judgment that at the completion of the trial of the case the first count or cause of action was properly before the court because it had not been dismissed in any of the manners as provided in Rule 41, F.R.C.P.; that the statute of limitations was properly pleaded; that no evidence was introduced by the plaintiff bearing upon said count; that the court entered judgment on the remaining three counts, but omitted to enter judgment on the first count; that "Being bound to enter judgment and having omitted to do so, in accordance with the provisions of Rule 60, the Court upon its own motion or upon the motion of either party could correct the omission."

On the other hand, the Government contends that the omission from the original judgment of a specific adjudication upon the first cause of action was not due to a clerical mistake and was not an error arising from oversight or omission but resulted entirely from the ruling of the court that this cause of action was not before it; hence that the district court was without power to alter or modify the judgment under Rule 60(a). Further, the Government contends that application for amendment of the judgment upon any other ground must under Rule 52(b) have been made within ten days after the entry of the judgment.

From the colloquy above quoted it is apparent that the trial judge intended to allow the plaintiff to dismiss as to the first cause of action which, he said, is "clear out of this case." The terms of the original judgment exactly express the court's intention, as appears from the said colloquy and from the court's opinion.

Under Rule 41 an action may be dismissed by the plaintiff without order of the court (1) by filing a notice of dismissal at any time before service of the answer, or (2) by filing a stipulation of dismissal signed by all the parties. Otherwise, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The only "oversight" by the court was its failure to enter a formal order allowing the first cause of action to be dismissed. When the defendants subsequently moved the court for judgment on the first cause of action, the court apparently supposed that it was bound to amend the original judgment as requested, for it granted this motion upon an ex parte application. The court was not so bound. At that stage, no formal disposition of the first cause of action having been made, it was still within the power of the court to correct its earlier oversight and to enter an order allowing the plaintiff to dismiss the first cause of action upon such terms and conditions as the court might deem proper. The court, if it had deemed it desirable to set at rest any possible subsequent contention as to res judicata, might have provided in such order that it should be without prejudice to the right of the plaintiff to prosecute any other timely proceeding upon the same subject matter pending in another court.

Considering the foregoing, we conclude that the thing for us to do is to vacate the order of March 31, 1941, amending the original judgment, and to remand the case to the district court with leave to the plaintiff to move for an order under Rule 41(b) allowing the plaintiff to dismiss the first cause of action upon such terms and conditions as the court deems proper. The allowance of such a motion by the plaintiff after answer has been filed is within the sound discretion of the trial judge. The circumstances which led the court to deny such a motion in Baker·v. Sisk, D.C.E.D.Okl., Dec. 17, 1938, 1 F.R.D. 232, were quite different from those here present. There the plaintiff filed an action of tort in the state court on December 24, 1937, based on a tort alleged to have been committed on the 24th of December, 1935. The case was removed to the federal court on the ground of diversity of citizenship. An answer was filed pleading the Okla-

homa statute of limitations, which provided that the cause of action must have accrued within two years next before the "commencement" of the action, and further, that "An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him." Another statutory provision required that a summons "shall be dated the day it is issued." The summons bore the date of December 27, 1937, and the plaintiff moved to amend the summons to make the date read December 24, 1937. An issue was thus raised as to the date on which the summons had actually been "issued," within the meaning of the statute. A hearing was held as to the facts pertaining to the question of limitations and the application of the state statute to those facts. After the parties had been advised of the court's ruling that the action was barred on the facts presented, but before the entry of a formal order, the plaintiff presented a motion to dismiss the action without prejudice, frankly stating, as the court said, that "her purpose is to refile the same in the state court, we presume for less than $3,000, and see if the state court will reach a different conclusion upon the legal question involved." In other words, she wanted to try over again in the state court the very questions of law and fact as to the application of the statute of limitations which she had unsuccessfully litigated in the federal court. Under these circumstances the court quite properly denied the plaintiff's motion to dismiss.

■ We refer briefly to another contention of defendants, namely, that the plaintiff assented to the order amending the judgment "by thereafter ordering execution on the original judgment as amended and returning the same to court fully satisfied." It does not appear whether execution was taken out by the plaintiff on March 31, 1941, before or after the order amending the judgment. However that may be, we fail to see why the action of the plaintiff in taking out execution on the judgment in its favor on the second, third and fourth causes of action should preclude the plaintiff from objecting thereafter to the order amending the original judgment by adding thereto a judgment for the defendants on the first cause of action, which was entirely separate and distinct. Appellees cite no authority for this proposition.

The order of the District Court of March 31, 1941, amending the original judgment herein, is vacated and the case is remanded to that court for further proceedings not inconsistent with this opinion.