IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-0931
════════════
 
Saleh W. Igal, Petitioner
 
v.
 
Brightstar Information Technology 
Group, Inc. and BRBA, Inc., Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Eleventh District of 
Texas
════════════════════════════════════════════════════
 
 
Argued January 25, 
2006
 
 
 
Justice Brister filed a dissenting opinion, in which 
Chief Justice Jefferson, Justice 
O’Neill, and Justice 
Medina joined.
 
 
            
The Texas Legislature passed the Payday Law to give unpaid workers a 
quick alternative to lengthy civil litigation. But today the Court holds they 
lose everything if they pursue that alternative a little too late, even though 
years remain to file suit in court. This is not about biting apples twice; this 
is about a man’s wages, a claim that like many others can be filed a second time 
if the first disposition was not on the merits. By holding Payday claims 
dismissed for tardiness cannot be refiled in court, 
the Court converts a law giving extra options to workers into a trap where they 
may forfeit all their rights. Because I agree with the state agency entrusted 
with these claims that this could not possibly be what the Legislature intended, 
I respectfully dissent.
            
I agree the Payday Law’s 180-day filing requirement is mandatory but not 
jurisdictional. But I disagree that an order dismissing a Payday claim as 
untimely precludes a subsequent suit. Res judicata attaches only to a judgment on the merits.[1] There are at least five reasons why the 
Texas Workforce Commission’s order here is not one.
            
First, the Commission itself says so. In its amicus brief supporting 
Igal’s right to file suit in court, the Commission 
says “res judicata does not 
apply . . . because TWC’s order was not a judgment on 
the merits but a procedural dismissal for untimeliness.” How can the Court hold the Commission 
intended a merits dismissal when the Commission itself stipulates that it did 
not? There is no reason to doubt the Commission’s word; the Commission 
“dismissed” Igal’s claim, using a term employed 
throughout the Texas Rules of Civil Procedure,[2] and American law generally,[3] for dispositions without a hearing 
on the merits. The Commission may have only two options for preliminary 
determinations (to dismiss or to order payment),[4] but after a hearing it can issue 
any written order it likes.[5]
            
Second, the order itself shows that Igal’s 
contract rights were considered only for the purpose of deciding whether his 
claim was untimely. Igal’s contract apparently 
guaranteed him extended payments if terminated without cause, but nothing if 
terminated by notice of nonrenewal. Because the 
extended payments would have been due within 180 days of Igal’s Payday filing, the Commission had to decide whether 
he was terminated for cause or nonrenewal — not as a 
finding on the merits but simply to decide whether his claim was timely 
filed.
            
Third, to presume the Commission made a ruling on the merits, we must 
presume it made a clear error. While an untimely claim did not deprive the 
Commission of jurisdiction, it did prevent the Commission from reaching the 
merits if anyone complained (which Brightstar did). 
There is no good reason to encourage administrative agencies to address the 
merits of barred claims, especially when those claims are not yet barred in 
court. We should not presume the Commission committed an error by reaching the 
merits when it could not.
            
Fourth, Brightstar insisted throughout the 
Commission proceedings that Igal’s claim was untimely. 
Brightstar could have waived this complaint (as it was 
not jurisdictional), and agreed to have the Commission decide the case on the 
merits. But it did not — it insisted Igal’s claim 
should be dismissed because he filed late. Having obtained success on that 
ground, Brightstar should not be allowed to change its 
position when the claim was refiled in court.
            
Fifth, judgments based on limitations are usually considered rulings on 
the merits because a late claim can never be refiled 
any earlier (barring time travel[6]). But an important exception applies here 
because there are two different limitations periods. As the First Restatement of 
Judgments stated in a comment:
 
Thus, if 
the plaintiff brings an action to enforce a claim in one State and the defendant 
sets up the defense that the action is barred by the Statute of Limitations in 
that State, the plaintiff is precluded from thereafter maintaining an action to 
enforce the claim in that State. He is not, however, precluded from 
maintaining an action to enforce the claim in another State if it is not barred 
by the Statute of Limitations in that State.[7]
 
 
The Second 
Restatement of Conflict of Laws now makes the same point:
 
Thus, the 
plaintiff’s suit may be dismissed in state X on the ground that it is barred by 
the X statute of limitations. This judgment will preclude the plaintiff from 
thereafter maintaining an action to enforce the claim in state X. This judgment, 
however, binds the parties only with respect to the issue that was decided. It 
will preclude the plaintiff from maintaining an action to enforce the claim in 
another state only if the courts of the other state would apply the X statute of 
limitations . . . .[8]
 
 
            
The First, Second, Fifth, Seventh, and Tenth federal circuit courts all 
agree that while dismissals based on limitations are usually preclusive, they 
are not preclusive when a case is filed in two different systems that apply two 
different limitations periods.[9] In such cases, as Wright and Miller 
state: “[i]f the second forum would decide 
independently to apply a longer period of limitations . . . the traditional rule 
has been that it is free to proceed with the second action.”[10] While dismissal of an untimely claim may 
be preclusive if based on the substantive law governing the claim (Texas 
contract law’s four years), it is not preclusive if based on a shorter period 
designed as a procedural protection for the first forum (the Commission’s 180 
days):
 
Dismissal 
based on the limitations period established by the law that governs the claim is 
a judgment on the merits that precludes application of a different limitations 
period by another court. Dismissal based on application of the forum’s own 
shorter period for purposes of protecting the forum is not a judgment on the 
merits and does not preclude an action on the same claim in a court that would 
apply a longer limitations period.[11]
 
            
This Court has never adopted these well-settled and long-standing 
principles, but we certainly have not rejected them either. In the past, 
Texas law has 
not provided two limitations periods for a single claim; now that it sometimes 
does when there is an administrative alternative to the courts, we should 
explain why we reject the traditional rules followed by everyone else.
            
Igal can hardly be faulted for not appealing 
the Commission’s decision. As his claim was untimely, an appeal would have been 
futile. Even if he could have convinced an appellate court to reverse the part 
of the Commission’s decision discussing the merits (which I doubt since it was 
necessary to decide timeliness), he would still have lost due to the late 
filing. The Payday process is supposed to be quick and cheap; requiring an 
appeal for this late claim would have simply made it longer and more 
expensive.
            
I would not hold that every unsuccessful Payday claimant can start over 
with the same claim in court. Claimants should not be permitted to litigate the 
same issue twice.[12] But the only issue Igal has litigated so far is whether he filed his Payday 
claim within 180 days; he does not need to litigate that issue again here as it 
is irrelevant to whether he filed his breach of contract claim within four 
years.[13] 
            
The Legislature has chosen to give Texans asserting Payday claims two 
different ways to proceed. That being the case, this Court has no business 
saying that if they try one too late, then they get none at all. The Commission 
properly dismissed Igal’s Payday claim as late, but 
that does not preclude his common law claim which was filed on time. Because the 
Court holds otherwise, I respectfully dissent.
            
___________________________
            
Scott Brister
            
Justice
            

OPINION 
DELIVERED: December 7, 2007






[1] 
Citizens Ins. Co. of Am. v. Daccach, 217 S.W.3d 
430, 449 (Tex. 2007); Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 
(Tex. 
1996).

[2] 
See, e.g., Tex. R. Civ. P. 39(b) (addressing 
whether suit should be “dismissed” for indispensable party); 
id. 42(e) (requiring court approval for 
“settlement, dismissal, or compromise” of class action); id. 89 (allowing 
court to which venue is transferred to “dismiss” case if filing fee not paid); 
id. 143 (allowing claim to be “dismissed” if security 
for costs not paid); id. 151 (allowing 
suit to be “dismissed” if deceased plaintiff’s representatives do not appear); 
id. 161 (allowing “dismissal” of unserved defendants); id. 162, 163 (allowing plaintiff to “dismiss” suit before close of 
evidence); id. 165a (allowing cases to be “dismissed” for 
want of prosecution); id. 215.2(b)(5) (allowing 
order “dismissing” suit as discovery sanction); id. 330(d) (allowing court to “dismiss” case if called for trial twice 
but not tried); id. 736(10) (requiring home-loan 
foreclosure action to be “dismissed” if owner files action contesting 
foreclosure).

[3] 
See Black’s Law Dictionary 
502 (8th ed. 2004) (defining “dismissal” as “Termination of an action or claim 
without further hearing, esp. before the trial of the issues 
involved”).

[4] 
See Act of May 12, 1993, 73d Leg., R.S., ch. 
269, § 1, 1993 Tex. Gen. Laws 1014 (amended 2005) (current version at Tex. Lab. Code § 
61.052).

[5] 
See Act of May 12, 1993, 73d Leg., R.S., ch. 
269, § 1, 1993 Tex. Gen. Laws 1015 (amended 2005) (“After a hearing, the 
commission shall enter a written order for the payment of wages that the 
commission determines to be due or for the payment of any penalty the commission 
assesses.”).

[6] 
Stephen W. Hawking, Chronology Protection 
Conjecture, 46 Physical Rev. 
D. 603 (1992) (arguing in his “chronology protection conjecture” that the 
laws of physics are such as to prevent time travel on all but sub-microscopic 
scales).

[7] 
Restatement (First) of Judgments 
§ 49 cmt. a (emphasis 
added)).

[8] 
Restatement (Second) of Conflict of 
Laws § 110 cmt. b 
(1988).

[9] 
Reinke v. Boden, 45 F.3d 166, 173 (7th Cir. 1995); Henson v. 
Columbus Bank, 651 F.2d 320, 325 (5th Cir. 1981); Jimenez v. Toledo, 
576 F.2d 402, 404 (1st Cir. 1978); Sack v. Low, 478 F.2d 360, 363 (2d 
Cir. 1973); Titus v. Wells Fargo Bank & Union Trust, 134 F.2d 223, 
224 (5th Cir. 1943); Stokke v. S. Pac. 
Co., 169 F.2d 42, 43 (10th Cir. 1948); United States v. Lyman, 125 
F.2d 67, 70 (1st Cir. 1942); Warner v. Buffalo Drydock Co., 67 F.2d 540, 541 (2d Cir. 1933).

[10] 18A Charles Alan Wright, Arthur R. Miller & 
Edward H. Cooper, Federal Practice and Procedure § 4441 (2d ed. 
2002).

[11] Id. (emphasis added).

[12] Cf. Harris County 
v. Sykes, 136 S.W.3d 635, 639 (Tex. 2004) (holding sovereign immunity 
dismissal should be with prejudice “because a plaintiff should not be permitted 
to relitigate jurisdiction once that issue has been 
finally determined”).

[13] Tex. Civ. Prac. & Rem. Code § 
16.004(a)(3); Via Net v. TIG Ins. Co., 211 
S.W.3d 310, 312 (Tex. 2006) (per curiam).