## BROWN *vs.* LATHROP & COMPANY.

[WARNER, Chief Justice, did not preside in this case.]

1. A suggestion of a diminution of the record must describe or set out the missing record to such an extent that counsel for the opposing party may agree thereto and demand that the case proceed.    A mere statement that there was a motion for a new trial and a brief of evidence, which the clerk had failed to send up, was not sufficient.    (R.)
2. The suggestion of a diminution of the record in this case being insufficient, and neither it nor the record containing any final judgment, the writ of error must be dismissed.    (R.)
3. The argument of this case having been postponed until after the circuit to which it belonged had been concluded, no further postponement to complete the record will be allowed under the act of 1877.    (R )

Practice in the Supreme Court.    September Term, 1879..

In this case O. G. Gurley, Esq., the counsel who brought. the case up by writ of error, made an affidavit in which he stated that "the clerk of Miller superior court has failed to send up in said record the motion of plaintiff in error and brief of evidence, which affiant avers were both made out and filed in said clerk's office in terms of the law," and suggested a diminution of the record on account of the absence of those papers.    This affidavit and suggestion were left with E. C. Bower, Esq., who represented Mr.. Gurley in his absence.    During the call of the cases on the Pataula circuit, Mr. Bower was engaged, as a member of the state senate, in the impeachment trial of John W. Renfroe, treasurer.    The case was therefore set at the heel of the Chattahoochee circuit.    When it was called he presented the suggestion of diminution.    Counsel for defendants in error moved to dismiss the case because there was. no motion for new trial or brief of evidence in the record, and none set out in the suggestion of diminution so as to be agreed to under Code, §4282, and because there was no

final judgment either in the record or stated in the suggestion of diminution. Counsel for plaintiff in error asked for a postponement of the case under the act of 1877. Counsel for defendants resisted this on the ground that the Pataula circuit was concluded. The court ruled as set out in the opinion.

O. G. GURLEY, by E. C. BOWER, for plaintiff in error.

I. A. BUSH, by JACKSON & LUMPKIN, for defendants.

JACKSON, Justice.

In this case a diminution of the record was suggested by plaintiff in error on account of the absence of the motion for a new trial and brief of evidence, but the suggestion contained no statement in substance or otherwise of the said motion and brief, so as to enable the defendants in error to admit the same and have the case heard; and defendants moved to dismiss the writ of error because there was no brief of evidence either in the bill of exceptions or in the record, and no final judgment on the motion for new trial, even in the diminution as suggested.

Without the evidence we cannot pass upon the case intelligently. The court below refers to it in his certificate of the bill of exceptions as necessary to be had for the hearing, and it is conceded to be essential. Without a final judgment the case is pending in the superior court now, and has no place in this court. The suggestion did not remedy the defect, and was itself defective in that it was so framed as not to permit the facts left out of the record to be admitted by the defendants, and the case to be tried at this term, which is always their right, and the policy of the law which put this court in operation. Both sides have rights; the one to suggest what is missing from the record, the other to admit its truth and go on to trial. The first would continue the case unless admitted; the last—the admission—would expedite it; and to expedite it is the

policy of our entire system of writs of error to this court. See Code, §§4250, 4282, 5087; Supplement to Code, §613.

The act of 1877 does not relieve the plaintiff in error. The record cannot be now got here within the call of the Pataula circuit. There has been ample time to have obtained it, and to obtain the benefit of that very liberal act, the party invoking it must be without fault. He has been indulged for some weeks owing to the peculiar situation of the counsel who represents the absent counsel of plaintiff in error, and the day of grace is now ended in every view of the law. See Supplement to Code, §§26, 27.

Writ of error dismissed.