9737. Sullivan, receiver, *et al.* v. Curling.

1. "A chose in action arising from a tort is assignable where it involves, directly or indirectly, a right of property."

(a) "Where a partnership is dissolved and one partner assigns to the other all of his right, title, and interest in and to the assets of the partnership, the assignee may institute and maintain an action against such tortfeasor for the entire damage sustained by the partnership. The assignor is not a proper party plaintiff to the suit, nor is it proper that the suit be brought in the names of both partners for the use of the assignee."

2. The petition was not subject to general demurrer.

3. "An allegation in a petition by one member of a partnership, that the other member thereof sold out to the plaintiff 'all of his right, title, and interest in and to the assets of said partnership, plaintiff having operated the business since the date of said sale under a trade name, and being the sole and exclusive owner of all of the assets of the firm,' is a sufficient allegation of assignment of a chose in action, in the absence of an appropriate special demurrer, and as against a general demurrer that 'plaintiff's petition sets forth no cause of action which would authorize a judgment against defendant.' "

(a) The above allegation in the plaintiff's petition was not attacked by an appropriate special demurrer.

4. The petition as amended was not subject to any of the special grounds of the demurrer interposed.

5. An assignment of error not argued in the brief of counsel for the plaintiff in error will be treated as abandoned. A mere reference to such an assignment, with the statement that it is not abandoned but insisted upon, will not be considered as an argument. "Courts of review have the right to expect assistance from counsel by citation of

authority or argument." *Youmans* v. *Moore*, 11 *Ga. App.* 66 (74 S. E. 710); *Muse* v. *Hall*, 18 *Ga. App.* 651 (90 S. E. 222); *James* v. *Boyett*, 19 *Ga. App.* 157 (91 S. E. 219); *Barfield Music House* v. *Harris*, 20 *Ga. App.* 42 (92 S. E. 402). In the instant case the only reference to the first five grounds of the amendment to the motion for a new trial is as follows: "We contend that the court committed error in overruling the assignments of error contained in the 4th, 5th, 6th, 7th and 8th grounds of the amendment to the motion for a new trial, for the reasons set out in each ground thereof, and we invite the attention of the court to each ground thereof." Under the above ruling these grounds will be treated as abandoned.

6. "While it is undoubtedly true that the contentions of the plaintiff were stated more at length than those of the defendant, it can not be inferred from this fact that undue stress was laid upon or undue prominence given to the contentions of the former. In the first place, the contentions, so far as appears from the pleadings of the plaintiff, are set forth fully and distinctly in his petition, properly paragraphed, and the defendant contented itself, as it had a right to do, with a bare denial of the allegations of the petition. If the plaintiff's case required a full, definite, and affirmative allegation of certain facts, and the defense to the cause of action as stated rests upon a mere denial of the allegations in the petition, and the trial judge sums up the contentions of both parties by a fair statement of the material allegations in the petition, and then states that these allegations are denied by the defendant, how can it be said that he has failed to state the contentions of either party?" *Macon Dublin & Savannah R. Co.* v. *Joyner*, 129 *Ga.* 684 (59 S. E. 903). Under this ruling, and the facts of the instant case, the charge of the court stated the contentions of the parties fairly and with sufficient fullness and clearness. If the defendants had desired a more elaborate statement of their contentions, a timely written request therefor should have been offered.

7. The reference in the charge to the defense of the defendants was sufficiently full, in the absence of a timely written request for more detailed instructions thereon.

8. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

DECIDED JULY 22, 1919.

Action for damages; from city court of Hazlehurst—Judge Knox. April 15, 1918.

*J. W. Quincey, L. E. Heath, J. Mark Wilcox, S. D. Dell*, for plaintiff in error.

*McDonald & Willingham, Newton Gaskins*, contra.

BROYLES, P. J. Certain questions in this case were certified to the Supreme Court, and in answer thereto that court ruled as set forth in the first three headnotes, with the exception of 3(a).

8

See the entire opinion of the Supreme Court in *Sullivan* v. *Curling*, 149 *Ga.* 96 (99 S. E. 533).

*Judgment affirmed.*    *Bloodworth, J., concurs.*    *Stephens, J., concurs dubitante.*