10856.      RUSTIN *v.* NORMAN, administrator.

STEPHENS, J. Where it was agreed that the plaintiff should perform certain services for the defendant for which the defendant agreed " to pay and to satisfy " the plaintiff, in a suit upon the contract the plaintiff is entitled to recover the reasonable value of the services actually rendered by him and accepted by the defendant. See, in this connection, Civil Code (1910), § 5513. A petition which alleges such a contract and the performance by the plaintiff and the acceptance by the defendant of such services sets out a cause of action, and is not subject to the objection, on demurrer, that it seeks to recover upon a quantum merit when the existence of a special contract is shown.

     *Judgment reversed. Jenkins, P. J., and Smith, J., concur.*

     DECIDED MAY 12, 1920.

Complaint; from Tattnall superior court — Judge Sheppard. July 10, 1919.

This suit was against an administrator. The petition alleged: that the decedent "contracted and promised to pay petitioner and to satisfy her" if she would take the decedent's infant child and support and care for it during its minority; that the petitioner "contracted and agreed to take the said infant child and support it, care for it, and raise it the best she could," and that on a named date the decedent delivered the child to her "under the terms of the said contract," and she accepted the child "under the terms of the contract as above set forth, no price being stated or agreed on to be paid to petitioner except as above stated;" that she supported and cared for the child from the date of the alleged contract until the decedent's death, and that the said services were "reasonably worth the sum of $12.00 per month," or the total sum of $978, for which sum, and an additional sum of $180, expended for clothes for the child, judgment was prayed. The court sustained a general demurrer and dismissed the petition.

*W. T. Burkhalter*, for plaintiff in error.

*A. S. Way*, for defendant.