### 13395. HEWLETT, executor, v. ALMAND et al.

JENKINS, P. J. 1. This is a suit by a wife to recover from the executors of her deceased husband an alleged balance due under an antenuptial marriage contract. The defendant executors except to the order overruling their general and special demurrers to the petition. The records of this court show that a previous petition, filed by the same plaintiff against the same defendants with substantially the same allegations, was before this court upon an order overruling similar grounds of general demurrer thereto. The decision then made, that the allegations were good as against the general demurrer, is controlling here. *Hewlett* v. *Almand*, 25 *Ga. App.* 346 (103 S. E. 173).

2. While the apparent gist of the action is for a balance due upon a promissory note for $2,000, given contemporaneously with a second antenuptial marriage agreement in part settlement and extinguishment of a prior antenuptial contract, and the allgations with reference to such contract themselves were not vital to the cause of action, the court did not err in overruling the special demurrers with reference thereto, since such allegations may be taken as matter of inducement with reference to the execution and consideration of the note.

·3. The petition sets forth also an alleged agreement by the husband with the wife, made subsequent to the execution of the $2,000 promissory note, "to buy her two thousand dollars worth of third Liberty bonds and five hundred dollars worth of the Government's Thrift stamps, and to hold such bonds and stamps for petitioner in lieu of" the note. The facts as set forth, however, do not show either a payment of the promissory note, or an executed accord and satisfaction of the note by the actual delivery to the wife of the agreed bonds and stamps, or an express agreement by her whereby she then surrendered her rights under the note merely in consideration of the promise to buy the bonds and stamps, but amount only to an executory agreement to effect an accord and satisfaction. Civil Code (1910), § 4326; *Long* v. *Scanlan*, 105 *Ga.* 424, 427 (31 S. E. 436). The petition is apparently based upon her right to recover the balance due upon the $2,000 promissory note. But, even if the allegations with reference to the subsequent agreement by the husband to purchase in lieu thereof $2,500 worth of bonds and stamps should be taken to render it ambiguous, still, since the only attack of the special demurrers upon these allegations is that each, in view of the other, is immaterial and irrelevant, and there being no special ground attacking the failure to attach a copy of the note itself to the petition, and no complaint as to a misjoinder, the court did not err in overruling such grounds of demurrer. *Willingham* v. *Glover*, 28 *Ga. App.* 394 (111 S. E. 206).

4. The defendant demurs to the allegation showing that one of the executors had recognized and admitted the validity of the claim, and had paid one-half thereof down to the amount sued for in the present action; the basis of the defendant's contention as set forth in the demurrer being that such allegations are "immaterial, irrelevant, and incompetent to bind" the contesting executor, "and more especially because it was not within the power" of the executor making the part payment and ad-

mission thus "to bind the decedent's estate." The pleadings of the defendant set forth no attempt to recover back the payment thus alleged to have been made without authority. *Held:* The allegations relative to the part payment on the original indebtedness could not affect the validity of the claim for the balance alleged to remain unpaid, and therefore the demurrer is without merit in so far as it affects the plaintiff's action for the alleged unpaid balance. However, since all of two or more joint executors "must join" in "making contracts binding upon the estate, or in paying out funds belonging to the estate" (Civil Code of 1910, § 3893), the demurrer to that portion of the petition which states that the executor "admitted and admits the claim of petitioner" should have been sustained in so far as the petition sought to plead such acts and conduct of one of said executors as an admission binding upon the estate relative to the remainder now claimed to be due. Direction is given that such portion of paragraph 12 be stricken.

*Judgment affirmed, with direction. Stephens and Bell, JJ., concur.*
DECIDED JANUARY 17, 1923.

Complaint; from Rockdale superior court — Judge Hutcheson. January 17, 1922.

*Winfield P. Jones, J. R. Irwin,* for plaintiff in error.
*Watkins, Russell & Asbill, J. H. McCalla,* contra.