30656. HARRISON *v.* CARPENTER *et al.*, executors.

PARKER, J. In an action by a real-estate broker against the three executors of a will, all of whom had duly qualified, to recover commissions alleged to be due by reason of the breach of a contract between the plaintiff and the executors, in the absence of evidence that one of the executors entered into the alleged agreement or ratified it by accepting the benefit of the plaintiff's services with the knowledge of all the

150

material facts, the grant of a nonsuit was not error. Where more than one executor qualifies, all shall join in making contracts binding upon the estate. Code, § 113-1504; *Hewlett* v. *Almand*, 29 *Ga. App.* 392 (4) (115 S. E. 501); *Tennessee Chemical Co.* v. *Jones*, 171 *Ga.* 150 (154 S. E. 791). There was no evidence showing that one of the executors entered into the contract, or knew that either of the other two had done so, or knew that the plaintiff had rendered valuable services under it. The court did not err in granting the nonsuit. It is not necessary to pass upon any of the other questions raised.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*

SUTTON, P. J. I concur in the decision of the majority of the court. Furthermore, I am of the opinion that the judgment nonsuiting the case should be affirmed for the further reason that it appears from the uncontradicted evidence that the agency contract between the owners of the property involved, that is, Mrs. Carpenter and Dr. Carpenter, and the real-estate broker had expired and the negotiations had come to an end, and that the defendants had not at any time interfered with the efforts of the broker to effect a sale of the property during the agency. See *Landrum* v. *Lipscomb*, 62 *Ga. App.* 649 (2) (9 S. E. 2d, 205); *Vaughn* v. *Clements*, 65 *Ga. App.* 823, 826 (16 S. E. 2d, 607).

DECIDED MARCH 3, 1945.

*Howard, Camp & Tiller, Blair & Carmichael,* for plaintiff.
*Sam J. Welsch, John T. Dorsey,* for defendants.