46237.    WILLNER & MILLKEY v. SHURE.

SUBMITTED MAY 6, 1971—DECIDED JUNE 15, 1971—
REHEARING DENIED JULY 15, 1971.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, A. Kimbrough Davis,* for appellant.

*Levine, D'Alessio & Cohn, Morton P. Levine, Shulman, Alembik & Rosenbluth, Arnold Shulman,* for appellee.

EVANS, Judge. The material parts of the contract involved here are as follows: "The owner agrees to pay the architect for such services a fee of 7½ per cent of the construction cost of the project, with other payments and reimbursements as hereinafter provided, the said percentage being hereinafter called the basic rate."

Paragraph 5 of Item (C) of the contract refers to payments thereon as follows: "Payments to the architect on account of his fee shall be made as follows, subject to the provisions of Article 4: Upon completion of the preliminary studies, a sum equal to 25% of the basic rate computed upon a reasonable estimated cost. During the period of preparation of specifications and general working drawings, monthly payments aggregating at the completion thereof, a sum sufficient to increase payments to [illegible—either 175% or 75%] of the rate or rates of commission arising from this agreement, computed upon a reasonable cost estimated on such completed specifications and drawings, or if bids have been received, then computed upon the lowest bona fide bid or bids. [The change in the writing, which is somewhat illegible, is initialed by someone.]

"From time to time during the execution of work and in proportion to the amount of service rendered by the architect, payments shall be made until the aggregate of all payments made on account of the architect's compensation under this article, but not including any covered by the provisions of article 4, shall be a

sum equal to the rate or rates of commission arising from this agreement, computed upon the final cost of the project.

"Payments to the architect, other than those on his compensation, fall due from time to time as his work is done or as costs are incurred. . ."

Paragraph 4 referred to in these paragraphs, in addition to stating that extra drafting or other expense due to changes would be paid on an equitable basis, states that: "If any work designed or specified by the architect is abandoned or suspended, in whole or in part, the architect is to be paid for the service rendered on account of it."

Paragraph 9 of the contract states that the construction cost of the project as herein referred to "means the cost to the owner."

The plaintiff testified he performed architectural services involved from March 2, 1962, when the contract was signed, until August or September, 1962, in the preparation of the plans, design and changes for almost 20 weeks; that the bid was let and the lowest bid was $73,000, plus certain other expenses, all of which was considerably more than the defendant desired to pay, although plaintiff testified that when he advised the defendant that all the changes he was requesting would make the cost price exceed the $60,000 to $65,000 that the defendant advised him: "Don't worry, we'll work it out," but that when the lowest bid of $73,000 exceeded the expectation of the defendant he requested certain deductions of extras, and that after he made cetain deductions he called the defendant several weeks later as to whether he should attempt to make further deductions and the defendant advised him: "Didn't I call you? I bought a house and I am not going to go ahead with this." Thereafter the defendant was billed at the rate of 7½% of the low bid of $73,000, but as testified, due to an oversight, it was not sent until September 27, 1967. Plaintiff Millkey testified he had received no advances and had never asked the defendant for any money until after the statement was sent.

This case is not one where suit is brought on quantum meruit, whereby the statute of limitation (four years) governs; but it is a suit on a contract, which, though somewhat vague and ambiguous, authorizes resort to evidence as to the worth or value of the services rendered. In other words, quantum meruit is simply the rule

of evidence employed for determining the value of the services due *under the contract.* See *Heard v. Heard,* 75 Ga. App. 71 (3) (41 SE2d 785). Six years is the time allowed plaintiff for filing suit under the contract, and suit was timely filed within this period. See *Code* § 3-705.

The contract is sufficient for the submission of extrinsic evidence as to the services rendered from which a jury, under proper instructions from the court, might return a verdict. The court erred in granting the directed verdict for even though suit on quantum meruit may be barred by the statute of limitation, suit on the contract is not, and the contract and the evidence here are sufficient for jury consideration.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*