47753. JOHNSON & SCHULTZ AGENTS-BROKERS, INC. v. OVERNITE TRANSPORTATION COMPANY et al.

EVANS, Judge. Overnite Transportation Company filed suit against Johnson & Schultz Agents-Brokers, Inc., and Westchester Fire Insurance Company, which suit was later amended to add a third defendant, to wit, Hilton F. Johnson.

The thrust of the complaint was that while plaintiff held certain money in its possession to which it was entitled by reason of its dealings with a third party, Consolidated Truck Loading Contractors, Inc., the defendants induced plaintiff to release the money to

said third party, through its oral and written guaranty to pay plaintiff any loss suffered thereafter through its dealings with said third party. The complaint then alleged that plaintiff suffered a loss of $5,480.81 by reason of its continued dealings with said third party, and that when called upon, defendants failed and refused to make good their guarantee of payment to plaintiff of said loss. During the course of trial by jury, motions for directed verdict by Hilton F. Johnson and Westchester Fire Insurance Company were by the court granted, thus eliminating them from the case; but the motion for directed verdict of Johnson & Schultz, Agents-Brokers, Inc. was denied.

The jury returned a verdict in plaintiff's favor against the remaining defendant in the amount of $5,480.81, upon which judgment was regularly entered. Defendant filed a motion for judgment notwithstanding the verdict, and in the alternative, motion for new trial, which motion was later amended. Various grounds were set forth in the foregoing motion, consisting principally of allegedly illegal admission of evidence, and erroneous instructions to the jury; but also containing the ground that plaintiff's complaint was premised on a guaranty, and that in such circumstances the guarantor's liability was only secondary, and that plaintiff was required to proceed against the principal debtor, and reduce his claim to judgment against the principal debtor before plaintiff could proceed against the guarantor. These motions were overruled, and defendant appeals to this court. *Held:*

1. Appellant's counsel made a motion for directed verdict on the ground plaintiff's complaint was based upon an alleged guaranty, and plaintiff was required by law to first establish liability against the principal before proceeding against defendant, who was only secondarily liable (Tr. pp. 87-95); and having failed to

do so, verdict should be directed against plaintiff. The court overruled this motion, and a careful and painstaking study of appellant's brief fails to disclose any argument whatever on this point. We, therefore, consider this point abandoned. *Savannah News-Press v. Hartridge,* 110 Ga. App. 203 (1) (138 SE2d 173); *Aldridge v. Whaley,* 218 Ga. 611 (1) (130 SE2d 124); *Phaul v. Macon R. & Light Co.,* 26 Ga. App. 171 (2) (105 SE 650); *Sullivan v. Curling,* 24 Ga. App. 112 (5) (100 SE 26).

2. Counsel argues various contentions of the motion for judgment notwithstanding the verdict, and seeks to show that certain exhibits were improperly admitted in evidence over objection and that absent said evidence the proof against the defendant completely fails. These exhibits were photostatic copies of microfilmed records of the plaintiff and photostats of checks of the plaintiff. The record here is voluminous, consisting of 391 pages of testimony, colloquy and exhibits. There was oral testimony which authorized the verdict for plaintiff, irrespective of the admission of the aforementioned documentary evidence. This evidence consisted of admissions of defendant's president (Johnson) and verbal testimony of witness Croft as to the amount of the claims of plaintiff. The claims were proven to be of an amount equal to the amount named in the verdict. The evidence was sufficient to support the verdict.

3. As grounds for setting aside the verdict and ordering a new trial movant objected to certain charges of the court on principal and agent, estoppel and misrepresentation, constituting legal fraud. At the conclusion of the charge counsel for defendant failed to take exception to any of these principles but did make an objection because of the court's failure to charge that it was for the jury to determine whether there was a breach of the contract. None of these enumerations

of error as to the charge of the court is meritorious. See § 17 (a) of the Civil Practice Act, as amended (Code Ann. § 70-207 (a); Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078). *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393); *Hollywood Baptist Church v. State Hwy. Dept.,* 114 Ga. App. 98, 99 (150 SE2d 271); *Pirkle v. Widener,* 119 Ga. App. 401 (2) (167 SE2d 407).

We have considered each enumeration of error argued and insisted upon (and not abandoned) and we find no reversible error.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED JANUARY 5, 1973 — DECIDED MARCH 5, 1973.

*Coggin, Haddon & Stuckey, William C. Haddon,* for appellant.

*Heyman & Sizemore, Robert E. Hicks, Louis C. Parker, III,* for appellees.