## 53037. FIRST NATIONAL BANK & TRUST COMPANY OF VIDALIA et al. v. McNATT.

McMurray, Judge.

First National Bank & Trust Company was the co-executor, along with Mrs. T. Q. Vann, of the estate of T. Q. Vann under his last will and testament. Ed McNatt was a real estate broker. McNatt contends that the bank as executor/trustee of the estate of T. Q. Vann contacted him for the sale of two tracts of land of said estate; that the terms of the sale as to a 50 acre tract were to be $1,000 per acre, commission to be above the net listing, but generally he received 10% commission for the sale of real estate. The land did not contain 50 acres but only 45.85 acres which was subsequently sold for $50,000. The property was eventually purchased by Bobby Bedgood who admitted that he had talked to McNatt who had offered the property to him at the price of $60,000, but he denied having other negotiations with McNatt and as to a reduction in the price.

McNatt called upon the co-executor of the estate for payment of his commission, which refused to pay said broker's commission, whereupon a suit was brought against the bank for payment of same in the amount of $4,585. After a jury trial, verdict was rendered in favor of the plaintiff in this amount and after denial of the defendant's motion for new trial, it appealed. *Held:*

1. Plaintiff testified that the agreement to sell the lands of the estate were made with the bank as executor/trustee of the estate. Mrs. Vann, the co-executrix, was not involved in this agreement. The general rule is that one executor cannot bind the entire estate in the making of contracts unless the co-executor has also entered into the agreement, that is, unless authorized by law or by the terms of the will. Code § 113-1504; *Tennessee Chemical Co. v. Jones,* 171 Ga. 150 (1) (2) (154 SE 791); *Harrison v. Carpenter,* 72 Ga. App. 149 (33 SE2d 274). If such a contract were made the executor/trustee would be individually liable, and the estate would not be liable. See *Walton v. Reid,* 148 Ga. 176 (96 SE 214); *Wright v. Morris,* 50 Ga. App. 196 (1) (177 SE 365); *Oberdorfer v. Smith,* 102 Ga. App. 336 (116 SE2d

308). No evidence was shown which would have bound the estate for any commission earned. See *Pelotte v. Simmons,* 41 Ga. App. 198 (1, 2) (152 SE 310).

2. The evidence here is conflicting as to all the facts and circumstances surrounding the oral agreement and sale whereby plaintiff as a real estate broker was to sell the property in question. Plaintiff testified that he was not given an exclusive contract to sell the property but that the defendant as co-executor had requested that he obtain a purchaser; that he attempted to sell the property and did contact the purchaser and attempted to negotiate the sale with the purchaser; and that the purchaser did purchase the property from the bank, which refused to pay him the commission. Plaintiff testified that the estate was to receive $50,000 for the sale of the 50 acre tract and his commission was to be derived from any amount over this amount; that he attempted to sell it to a number of people, including the purchaser; and he offered it to the purchaser for $60,000, but advised him that he thought he could get it for $55,000; that his normal commission is 10% and that the executor/trustee-defendant was aware that he usually received a 10% commission. He also testified that the purchaser requested that he obtain financing from the defendant, but the defendant refused to finance the sale to the purchaser. It was later determined that the property did not contain 50 acres, and the purchaser refused to pay $55,000 for same. He testified he was still negotiating with the purchaser when he found out the purchaser had purchased it from the defendant.

In order for a real estate broker to earn a commission he must either have sold the property or been the procuring cause which culminated in the sale. See *Hendrix v. Crosby,* 76 Ga. App. 191 (3), 193-194 (45 SE2d 448). The evidence shows that the broker found a buyer willing and able to buy who was presented to the seller, and who later did purchase from the seller. This evidence was sufficient to support the verdict, inasmuch as the evidence authorized a finding that the plaintiff was the procuring cause of the sale. See Code §§ 3-102, 4-213; *Hendrix v. Crosby,* 76 Ga. App. 191 (3), supra; *Silverthorne v. Arkansas Southeastern R. Co.,* 142 Ga. 194 (1) (82 SE

551); *Ga. F. &c. R. Co. v. Purviance,* 42 Ga. App. 519 (1), 520 (156 SE 731); *Ideal Realty Co. v. Storch,* 124 Ga. App. 271, 272 (1) (183 SE2d 520). .

3. The court did not err in charging the jury that the plaintiff could recover if a contract were proved as contended by the plaintiff, but if the jury rejected the oral contract, plaintiff could still recover if he were the procuring cause of the sale. See *Ideal Realty Co. v. Storch,* 124 Ga. App. 271, 272 (2), supra. Under our notice pleadings, the claim for relief was not set out in various counts but merely pleaded the facts on which claimant based his claim, that is, an oral agreement, quantum meruit or damages for the fraud of the defendant. Ordinarily, when one renders services valuable to another which the latter accepts, a promise is implied to pay the reasonable value thereof. Code § 3-107. Generally, an action of this type is one upon quantum meruit. *Hudson v. Hudson,* 90 Ga. 581 (1), 584 (16 SE 349). It is apparent the court instructed the jury that if the work had been received and performed not necessarily in accordance to the contract and the employer had been benefited by the work, the employee is entitled to the reasonable value of the services rendered. Even when the work is not performed according to contract, yet if received and of benefit to the party receiving it, he shall pay a sum equal to the reasonable value of these services to him. See *Ford v. Smith,* 25 Ga. 675 (3); *Brumby v. Smith &c. Co.,* 123 Ga. App. 443 (1) (181 SE2d 303). The charge was correct and based on the evidence, and the jury was entitled to determine the value of the services of the plaintiff on a quantum meruit basis from the evidence as to the value to the defendant, if any. *Marshall v. Bahnsen,* 1 Ga. App. 485 (1, 2) (57 SE 1006); *Johnson v. Lipscomb-Weyman-Chapman Co.,* 46 Ga. App. 798, 801 (169 SE 266); *Circle Mills v. Millender,* 133 Ga. App. 811 (212 SE2d 467). Or, plaintiff is entitled to damages for fraud in the breach of the contract with quantum meruit as the measurement of his services. See *Heard v. Heard,* 75 Ga. App. 71 (3), 75 (6) (41 SE2d 785). Compare *Ideal Realty Co. v. Storch,* 124 Ga. App. 271, supra; *Doonan v. Ives & Krouse,* 73 Ga. 295, 302 (3); *Tidwell v. Hines,* 28 Ga. App. 806 (3) (113 SE 48).

4. The remaining enumeration of error with reference to the court's alleged error in failing to give a written request to charge as to the terms of the alleged oral listing has not been argued and is therefore abandoned. See Rule 18 (c) (2) (Code Ann. § 24-3618). *Johnson & Schultz v. Overnite Transp. Co.*, 128 Ga. App. 392 (1) (196 SE2d 681); *Weaver v. State*, 137 Ga. App. 470 (2) (224 SE2d 110).

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

SUBMITTED NOVEMBER 3, 1976 — DECIDED JANUARY 10, 1977.

*Malcolm F. Bryant, Jr., B. P. Jackson, Jr.,* for appellant.

*Shepherd, Gary & McWhorter, William H. McWhorter, Jr.,* for appellees.