57092. CRYSTAL PALACE STUDIOS, INC. et al. v. SWIMMER et al.

WEBB, Presiding Judge.

This is a dispute among putative officers and stockholders of an ailing corporation centering around its declining fortunes. The court, sitting without a jury, found that plaintiff Nesbitt had the controlling interest in the corporation and that the counterclaiming defendants, although not entitled to the ownership interests they claimed, had "rendered valuable services to said corporation over a varying period of time, all of said services being rendered at the instance of plaintiffs," and were entitled to compensation for those services.

The problem is that the court failed to make a determination of the value of the services as for quantum meruit but rather, after reciting that "the only way any of said parties can be paid is by a sale of [the corporate assets]," ordered them sold and the proceeds apportioned 60% to Nesbitt and 40% to the defendants, in effect dissolving the corporation even though beyond the scope of this proceeding. While there is a suggestion that the judgment was the result of the parties' compromise or acquiescence at trial, nevertheless the record was not perfected by recital in the court's judgment or otherwise, and consequently we must reverse and remand with direction to determine the reasonable value of the services, if any, as prescribed by cases such as *Brumby v. Smith &c. Co. of Ga.,* 123 Ga. App. 443 (1) (181 SE2d 303) (1971); *First Nat. Bank &c. Co. v. McNatt,* 141 Ga. App. 6 (3) (232 SE2d 356) (1977) and similar cases.

*Judgment reversed with direction. Shulman and*

*Banke, JJ, concur.*

ARGUED JANUARY 3, 1979 — DECIDED FEBRUARY 9, 1979.

*Lawson & Davis, L. Spencer Gandy, Jr.,* for appellants.
*Reber Boult,* for appellees.