46806.   RUFFIN v. BRISTOL et al.

HALL, Presiding Judge. Plaintiff in a personal injury action appeals from the judgment for one of the defendants.

Plaintiff was a passenger in her husband's automobile. It appears that they had stopped to make a left turn when defendant Bristol's automobile struck them from the rear, slightly at an angle, which knocked their car across the road into the path of defendant Green's oncoming vehicle. The jury returned a verdict against Bristol and for Green.

1. Plaintiff contends the court erred in admitting the investigating officer's accident report because it contained hearsay, opinions and conclusions. However, the officer had previously testified to the same statements, opinions and conclusions without objection. Moreover, while certain parts of the document were clearly admissible, the objection was to the whole. It was not error to admit it in its entirety. See *Stubbs v. Daughtry,* 115 Ga. App. 22 (153 SE2d 633); *Calhoun v. Chappell,* 117 Ga. App. 865 (162 SE2d 300).

2. In a single enumeration of error, plaintiff contends the court failed to charge on joint and concurrent negligence and wrongfully refused to give one of her requests to charge. The inference seems to be that the requested

charge dealt with joint and concurrent negligence. It actually concerns the form of the verdict, a subject covered adequately in the charge. Also, the court charged clearly on joint and concurrent negligence.

3. Plaintiff contends the court erred in refusing to charge that ordinary care requires a driver to maintain such a rate of speed as will permit him to stop within the range of his lights; or in other words, that failure to maintain such a speed would be negligence per se. The court did not err. There is no statute or case law in Georgia requiring this standard. On the other hand, the court charged *Code Ann.* § 68-1626 (a) which requires a reasonable and prudent speed, under the existing conditions and hazards, which would prevent a collision. By this standard, a speed which would allow stopping within the range of headlights would often be required, but not always (e.g. a well-lighted, limited access highway in clear weather and light traffic).

4. Two of the court's charges which plaintiff enumerates as error were not objected to below so the issues are not reviewable. *Stiles v. Seagraves,* 124 Ga. App. 389 (184 SE2d 45); *Ocilla Truck &c. Co. v. Nolan,* 124 Ga. App. 417 (184 SE2d 48).

*Judgment affirmed. Pannell and Quillian, JJ., concur.* ARGUED JANUARY 10, 1972—DECIDED JANUARY 25, 1972.

*James E. Findley, Thomas J. Ratcliffe, Jr.,* for appellant. *Kennedy & Sognier, John G. Kennedy,* for appellees.