## 49585. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY v. WALLACE et al.

PANNELL, Presiding Judge.

On February 29, 1972, one Ken J. Herfurth, a defendant below, was a telephone forecaster assigned to a territory located southwest of and contiguous to the City of Atlanta. His position required that he project the developing need for telephone service in that area. This required extensive travel and led to his being furnished a car by the appellant in the conduct of appellant's business. He kept the car at home and drove it to and from work. Appellant had a policy that if an employee performed unreimbursed overtime, the employee was entitled to dinner at company expense. Mr. Herfurth's supervisor indicated that it was intended that the employee would stop and eat enroute home. Mr. Herfurth understood that he could use the car to go a reasonable distance to eat and that he was the judge of what was reasonable. On the date in question, Mr. Herfurth worked overtime until about 8:45 p.m. He decided to go to the Smyrna American Legion Club to eat and meet some friends. In view of the lateness of the hour he decided to use appellant's vehicle rather than his own, the club being about 15 miles north of the office and his home being about 5 miles south of it. After spending about two hours conversing with his friends and drinking some beer, Mr. Herfurth departed for home. Enroute, the company vehicle veered across the center line of the roadway and struck an oncoming automobile owned by appellee and operated by a Mrs. Bowers. Appellee's car then struck a telephone pole. The car was subsequently junked. Mr. Herfurth was observed by the investigating police officer to have been under the influence of intoxicants. Appellee, who was a passenger in her car, complained of injuries to her back, neck and hip. She remained out of work until April 1, 1972, but continued to have severe back pains, which required medical attention from doctors and ultimately led to a back operation in February, 1973. She did not work thereafter. After the trial, the jury returned a verdict awarding

$14,000 damages against appellant and the co-defendant below, Mr. Herfurth, and $5,000 punitive damages against Southern Bell. The court entered judgment thereon and appeal by Southern Bell only followed. *Held:*

1. Appellant initially enumerates that the trial court erred in denying motions for directed verdicts. Appellant's ground was that the evidence did not establish that at the time and place of the accident defendant Herfurth was an employee of Southern Bell acting within the scope of his employment, but rather showed conclusively that at the time and place he was on a personal mission unconnected with any business of Southern Bell. Appellant postulates in support of its contention that the case of *U. S. Fidelity &c. Co. v. Skinner,* 188 Ga. 823 (5 SE2d 9) is on all fours with the instant case. We disagree. There, two salesmen had been requested to come to Savannah, Georgia and see their firm's president on company business. After arriving at their destination, instead of eating locally and without obtaining permission of the employer, they decided to drive an additional 18 miles to a seashore resort for the sole purpose of eating a seafood dinner and viewing the ocean. Thus, they were held to be on a mission of their own and not in the scope of their employment. Nor is reliance on the case of *Stenger v. Mitchell,* 70 Ga. App. 563 (28 SE2d 885) dispositive of the issue. There, a car owned by the defendant and operated by one Moore, was involved in a collision with another vehicle. Moore, a car salesman on a commission basis, was allowed the use of the cars as an accommodation and a courtesy, with defendants paying for the gas and oil. After noting that Moore had completed all the services he was to perform for the defendants at their place of business on the date of the collision, this court noted: "[A]s a general rule, a servant in going to and from his work in an automobile acts only for his own purposes and not for those of his employer, and consequently the employer is not to be held liable for an injury occasioned while the servant is en route to or from his work." *Stenger,* Id., p. 566. Similarly, in *Fambro v. Sparks,* 86 Ga. App. 726 (72 SE2d 473), another salesman, Jelks, was supplied with a company car for use at night for whatever purpose he

wanted and urged to use every opportunity to contact individuals in an attempt to sell cars. There, the evidence showed that while at a tavern with two friends, Jelks had talked to an individual about an appointment to demonstrate a car. Thereafter, the trio adjourned to a night club and again Jelks talked about cars. A visit to a supper club ensued but was without conversation concerning cars. After departure, a collision took place. Again the court, after determining the last use was personal, denied recovery.

In the instant case there are additional facts for consideration. Here, while the appellant's employee was authorized to drive a company vehicle to and from work and his residence, there is evidence that this permission was dictated by the fact that the employee was on 24-hour call by the company. Additionally, the company also had a policy that whenever unreimbursed overtime exceeded 2 hours, the employee was entitled to an evening meal at company expense. Thus, the appellant received the benefit in this case of about 4 hours overtime in exchange for an evening meal. Clearly under the facts peculiar to this case the jury was entitled to find that Mr. Herfurth's dining out and journey home were within the scope of his employment. See *Southern Gas Corp. v. Cowan,* 89 Ga. App. 810 (81 SE2d 488) and *Bailey v. Murray,* 88 Ga. App. 491 (77 SE2d 103). The evidence in this case did not demand a verdict for the appellant and the trial judge did not err in denying the motions for a directed verdict. As has been repeatedly held by this court, "[W]hether or not the servant was acting within the scope of his employment at the time of the injury is usually a jury question. (citations omitted)" *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173, 177 (186 SE2d 566).

2. It is next enumerated that the trial court erred in entering judgment against appellant for punitive damages. We agree. Appellee sued for general damages and for punitive damges because of the alleged intoxication of the employee, Mr. Herfurth. The trial court charged the jury that recovery of punitive damages could be had from either or both of the defendants. The jury returned a verdict for general damages in the

amount of $14,000 against the defendants, but only against the appellant for punitive damages in the amount of $5,000.

At trial, it was alleged that appellant had negligently entrusted its car to Mr. Herfurth with knowledge of his driving on prior occasions while under the influence. However, no evidence to that effect was introduced and the jury was not so charged on that theory for recovery. Accordingly, "[W]here the liability, if any, of a principal or master to a third person is purely derivative and dependent entirely on the principle of respondeat superior, a judgment on the merits in favor of the agent or servant . . . is res judicata in favor of the principal or master. . ." *Roadway Express v. McBroom,* 61 Ga. App. 223, 227 (6 SE2d 460). See also *Kolodkin v. Griffin,* 87 Ga. App. 725, 729 (75 SE2d 197); *Hunter v. Embree,* 122 Ga. App. 576 (178 SE2d 221). The jury was not authorized to award punitive damages against appellant and the trial court's judgment as to punitive damages must be set aside.

An additional reason for holding that plaintiff is not entitled to recover punitive damages against Southern Bell is that a careful reading of the demand for judgment shows that no punitive damges were sought against the company. Instead, punitive damages of $15,000 were sought "to deter defendant, Ken J. Herfurth, from operating a vehicle while under the influence of intoxicants. . ." Punitive damages were not sought against the employer, Southern Bell, to deter it from doing anything.

3. Appellant complains in Enumeration of error numbers 4, 5 and 6, relating to the admittance into evidence of the testimony of the investigating police officer concerning an alcohol breath test administered to Mr. Herfurth following the collision. We find no merit to this contention for several reasons. (1) Appellant did not object; (2) Sergeant Cook and the person working under his control were both state qualified and licensed and he observed the test and the results as part of his supervision; and (3) Assuming, but not deciding, error existed, such error was harmless. Sergeant Cook, an experienced police officer, testified that Mr. Herfurth

had a strong odor of alcohol on his breath and that his eyes were glassy, leading him to opinionate that Mr. Herfurth was under the influence of intoxicants shortly after the incident. The testimony concerning the breath alcohol test was, therefore, only cumulative and no prejudice resulted.

4. The remaining enumerations have been carefully considered by this court and are either controlled by this opinion or considered to lack merit.

*Judgment reversed in part; affirmed in part. Evans and Webb, JJ., concur.*

ARGUED SEPTEMBER 3, 1974 — DECIDED OCTOBER 11, 1974 — REHEARING DENIED NOVEMBER 6, 1974 — ▮▮▮▮▮▮▮

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Robert W. Coleman, William W. Cowan,* for appellant. *Thomas H. Harper, Jr.,* for appellees.

