## 50140. McGAHEE v. THE STATE.

EVANS, Judge.

Defendant, along with several others, was acquitted of the offense of gambling. But defendant, as the owner of

the trailer where the defendants were allegedly gambling, was charged also with maintaining a gambling place and as to this alleged offense, he was convicted. Motion for new trial was filed, heard and denied. Defendant appeals. *Held:*

1. There was sufficient evidence to show defendant was keeping a place for gambling. A portable-type crap table, sets of dice, decks of cards and poker chips were found in defendant's trailer; and as the officers approached the trailer one of them saw movement and heard objects hitting a table, sounding like the rattling of dice. This officer heard language usually used in crap games, such as, "looking for a 7," "am I covered?", "looking for a 9," "how much is down?" An armed guard was stationed outside the trailer where a toggle switch was located by a gate, which switch controlled a light over the table inside the trailer. As the officers entered the trailer four men were around the portable crap table, a set of dice was on the table, as well as slips of paper with numbers on them. One of the four grabbed some money from the table and put it in his pocket. Defendant admitted it was his table and his game but denied any gambling. Considerable money was found on several of the defendants when they were searched. The circumstantial evidence, as well as the corroborating evidence, was sufficient to support the verdict of guilty. *Hall v. State,* 12 Ga. App. 571 (77 SE 893); *Roberts v. State,* 26 Ga. App. 66 (105 SE 707).

2. Defendant contends that the acquittal of all defendants, including himself, of the charge of gambling, rendered the conviction of operating a gambling place repugnant and absurd. This is a non sequitur, as one may operate a gambling place without gambling actually taking place therein every minute of the day. It may be that no gambling had gone on for thirty minutes prior to the raid, in which event the jury would not have been authorized to convict of gambling. But thirty minutes later, the gambling could have begun again.

In this case, it well may be that defendant was not an active participant in the dice game or other gambling at the time of the raid, but that would not have prevented his operating a gambling place. And it may be that the jury

had a reasonable doubt as to whether any one of the defendants was actually gambling at the exact time of the raid, and therefore, decided they had not been proven guilty. This would not exonerate the defendant from operating a gambling house, because persons other than these defendants could have actively participated in gambling therein 30 minutes before the raid and again 30 minutes after the raid.

There were approximately ten people in the trailer, but only five were charged with gambling. Gambling is one thing and operating a gambling house is a kindred but entirely different thing; and different evidence is required to convict of these separate offenses. No absurdity or repugnancy is created by the acquittal of gambling and conviction of operating a gambling house. Code Ann. §§ 26-2701, 26-2702, 26-2704. See also Code Ann. §§ 26-505, 26-506.

3. Defendant contends that a nolle prosequi had been entered as to the charge against him of possession of gambling equipment, and that such entry was tantamount to a verdict of acquittal. Not so! A nolle prosequi is a cessation of prosecution for the nonce, but it may spring into life again and be continued again with all of the fervor and energy at the command of the prosecuting officers. A new indictment may be returned or a new accusation may be filed, and the earlier nolle prosequi can in no sense be pleaded as autrefois acquit or former jeopardy, or res judicata. *Jacobs v. State,* 95 Ga. App. 155 (97 SE2d 528).

4. Defendant contends that certain evidence was admitted over his objection which warrants the grant of a new trial. The transcript (pp. 18 — 25) shows that one of the raiding officers approached the trailer in the darkness, and several dogs started barking, and then someone came out of the trailer and looked around and turned a dog loose, which dog ran around the trailer and back towards some houses, and it seemed that the person who came from the trailer was trying to learn what had upset the dogs; that he went across the field with five hunting dogs and a light, giving the general appearance of hunting a coon or possum or other animal. During this testimony several general and loose objections were

made, such as "I object," or "that is a leading question," and none of which was sufficient to constitute a legal objection to evidence. See *Georgia Railroad &c. Co. v. Lokey,* 69 Ga. App. 403, 409 (3) (25 SE2d 921).

But no error is *enumerated* to the foregoing, nor until the person from the trailer came towards the officer who then stopped him and searched him, and found on him a very large pocketknife. Then defendant's counsel stated: "I object to that, if your Honor please, and I move for a mistrial on the grounds that that's prejudicial and inflammatory and that the district attorney knew that this man wasn't here." (Tr. pp. 23-24). The trial judge overruled the objection and motion for mistrial. It has been held by the appellate courts of Georgia that an objection because testimony is "inflammatory or prejudicial" is not a proper objection. The party must object and show *wherein* the language is inflammatory and prejudicial. *Betsill v. State,* 98 Ga. App. 695 (1) (106 SE2d 323).

Further, let it be noted that there is no enumeration of error on evidence that the man came out of the trailer and sought to learn why the dogs were disturbed, although there were some rather weak and wholly incomplete objections at the time. The gist of this testimony was material in that the jury could have concluded that some kind of activity was being carried on inside the trailer for which watchdogs were maintained, and when the dogs began barking, someone inside the trailer took the time and trouble to go outside to learn what was disturbing the watchdogs.

But the defendant enumerates error only because it was proven that this person from the trailer had on his person a very large knife (Tr. p. 23). How could this portion of the evidence have injured defendant? Is a pocketknife a part of gambling equipment? Are those who are inside gambling (if they were doing so) injured because someone in the trailer has a large pocketknife on his person? And how large is "a very large pocketknife?" Is it large enough to constitute a violation of the law? Thus, not only was no proper objection made to this evidence, but it is not shown that same was hurtful to defendants. Perhaps if the person who had the knife had

himself been on trial, he could have framed some valid objection to the evidence, but he was not on trial. The lower court properly overruled the objection to the evidence on which this enumeration of error is premised.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 14, 1975 — DECIDED FEBRUARY 13, 1975.

*John J. Sullivan,* for appellant.

*Andrew J. Ryan, Jr., Solicitor, Howard A. Mc-Glasson, Jr., Joseph D. Newman, Assistant Solicitors,* for appellee.