### 51422. ROSWELL ROAD-PERIMETER HIGHWAY LIQUOR STORE, INC. et al. v. SCHURKE.

WEBB, Judge.

Kenneth R. Schurke filed a complaint seeking to recover damages against Wesley R. Barre and Roswell Road-Perimeter Highway Liquor Store jointly and severally as master and servant. The complaint alleged that a warrant for Schurke's arrest for writing a bad check was maliciously sworn out by Barre, "who was at all times acting within the scope of his employment and at the direction of" his employer, the Liquor Store. He asked for general and punitive damages in the amount of $500,000.

The case was tried before a jury, and at the conclusion of the evidence Barre and the Liquor Store both made motions for directed verdict, which were overruled. The jury then returned the following verdict: "We, the jury, find in favor of the plaintiff in the amount of $10,000 general damages, and also for the plaintiff against

Roswell Road-Perimeter Highway Liquor Store, Inc. in the amount of $22,500 punitive damages."

Upon receiving this verdict the trial judge stated that it was not in proper form because it did not indicate whether it was "against one defendant or both defendants or either defendant." The judge gave the jury additional instructions as to the form of the verdict, the jury retired again and brought in a second verdict, as follows: "We, the jury find in favor of the plaintiff against Roswell Road-Perimeter Highway Liquor Store, in the amount of $10,000.00 general damages and also for the plaintiff against Roswell Road-Perimeter Highway Liquor Store, Inc. in the amount of $22,500.00 punitive damages."

After publishing the verdict plaintiff's counsel asked to approach the bench, the jury was dismissed and the following colloquy ensued:

"[Plaintiff's Counsel]: Your Honor charged them that they could find a verdict against either defendant or both and they came out with the first verdict in favor of the plaintiff and did not specify the defendants. Then Your Honor sent them back in there and told them they would have to specify either or both of the defendants.

"The Court: That is right.

"[Plaintiff's Counsel]: Well, in order for a corporation to be liable, it has to be liability through its agent, servant, and employees in order for this verdict, either Mr. Barre singly or both the corporate defendant and Mr. Barre, so while the jury has not been dispersed, we think Your Honor ought to charge them what I said, that in order to return a verdict against the corporation, they must also return a verdict against their agent and send them back out.

"[Defendants' Counsel]: If Your Honor please, the effect of that would be to direct a verdict against Mr. Barre.

"The Court: That is right. That is the thing that troubles me.

"[Plaintiff's Counsel]: If Your Honor charged that, they could find that way, just tell them that in order to render a verdict, it does not have to be that verdict. They have to find against Mr. Barre.

"[Defendants' Counsel]: It is a directed verdict

against the defendant.

"[Plaintiff's Counsel]: That is not the law, Your Honor, and we have a right to have a recharge before the jury is dispersed.

"[Defendants' Counsel]: If Your Honor please, I believe there is a Code Section that says the Court has the power in its discretion to declare a new trial, and I think Your Honor has that right to do that in the posture that it is in.

"The Court: Yes, but I have got a thousand cases to try and I do not want to try a case over unless I have to.

"[Defendants' Counsel]: But the verdict is illegal and the effect of doing what Mr. Moore wants to do is for Your Honor to direct a verdict against Mr. Barre. I don't think Your Honor deems that should be done.

"[Plaintiff's Counsel]: Simply a recharge, Your Honor, and send them back out for deliberations. That is how a legal verdict may be done at any time prior to the dispersement of a jury.

"The Court: What do you suggest the Court do?

"[Plaintiff's Counsel]: The Court simply recharges the jury on agency, that is, before a corporation can only be liable through its agent, servant and employee, and that in order to find the corporation liable, it must also find the employee liable and then they can go back out and decide anything they want to.

"The Court: And of course, they can find the employee liable without finding the employer liable if he was exceeding the scope of his authority.

"[Defendants' Counsel]: Absolutely.

"The Court: Well, let me see what I can put together.

"[Defendants' Counsel]: If I may respond that there again, the verdict that has been brought by the jury does not find against the defendant employee and the effect of doing this, I submit to the Court, is tantamount to a verdict against the employee.

"The Court: I don't think the Court should do anything about the verdict in this case. I should leave it just as the jury presented it.

"[Plaintiff's Counsel]: Why, Your Honor?

"The Court: It isn't necessary for me to tell you why. I have struggled with it and —

148

"[Plaintiff's Counsel]: You just want to try it again?

"The Court: I will be ready to try it again. It will be my duty and responsibility to try it again. You may prepare the judgment, Mr. Moore.

"[Plaintiff's Counsel]: Can I just write on what was returned? Let me, for the record, state that of course the plaintiff excepts to the judgment ruling and —

"The Court: Mr. Moore, you have a right to except to everything. It is all in the record and I will be happy for you to except.

"[Plaintiff's Counsel]: Judge, I just cannot understand why we have to do this again when this error can be corrected very simply.

"The Court: The Court has concluded that it has not committed any error.

"[Plaintiff's Counsel]: All right, sir. Is it the Court's opinion that the verdict is legal?

"The Court: The Court has concluded that it has not committed any error in this case."

Thereupon, on December 13, 1974, the trial court made the second jury verdict the judgment of the court.

The Liquor Store filed motions for judgment n. o. v., or in the alternative for new trial, and to amend the verdict and judgment. Schurke also filed a motion to amend the judgment. On June 30, 1975, the trial court denied the Liquor Store's motions and granted Schurke's motion by striking the judgment entered on December 13 and amending it to read as follows: "It is hereby ordered and adjudged that the plaintiff, Kenneth R. Schurke, recover of the Defendants, Roswell Road-Perimeter Highway Liquor Store, Inc. and Wesley R. Barre the sum of $10,000.00 general damages with interest thereon at the rate of seven per cent, and against Defendant Roswell Road-Perimeter Highway Liquor Store, Inc. in the sum of $22,500.00 as punitive damages with interest thereon at the rate of seven per cent per annum as provided by law, and his costs of action. This Order shall be nunc pro tunc as of December 13, 1974."

Barre and the Liquor Store appeal.

1. That portion of the verdict awarding $22,500 in punitive damages solely against the Liquor Store must be considered a verdict in favor of both defendants. The

complaint here sought judgments jointly and severally against a master and servant under the doctrine of respondeat superior. Under that doctrine, as construed by the courts of this state, " '[W]here the liability, if any, of a principal or master to a third person is purely derivative and dependent entirely on the principle of respondeat superior, a judgment on the merits in favor of the agent or servant . . . is res judicata in favor of the principal or master . . .' [Cits]" *Southern Bell Tel. &c. Co. v. Wallace,* 133 Ga. App. 213, 216 (210 SE2d 347) and cits.

Since the pleadings did not allege and the evidence did not show any independent acts on the part of the Liquor Store giving rise to a cause of action against it, its liability was purely derivative and dependent entirely upon the principle of respondeat superior. This being true, the jury had to find against Barre to hold the Liquor Store responsible. However, the amended verdict of the jury completely exonerated Barre, and the evidence showed that he alone performed the acts which constituted the basis of the charges. Since the jury exonerated him it automatically exonerated the Liquor Store, which was his master and employer. Therefore, the verdict, being repugnant in finding the servant not liable and the master liable, is void, and the judgment based thereon could be attacked by a motion to set aside. *Kalil v. Spivey,* 70 Ga. App. 84, 90 (3) (27 SE2d 475); *Roadway Exp., Inc. v. McBroom,* 61 Ga. App. 223 (6 SE2d 460) and cits.

2. The defendants submit that after the trial court determined the first verdict to be improper, instructed the jury to make specific findings as to each defendant and received the second verdict and entered judgment thereon, it could not later amend its judgment after the jury had been dispersed in an attempt to conform to the first verdict for general damages which it had previously rejected. We agree.

Our Supreme Court "has held many times that it is not error for a trial judge not to receive an improper or imperfect verdict, and to cause the jury to retire and put their verdict in proper form. [Cits.]" *Lowery v. Morton,* 200 Ga. 227, 229 (36 SE2d 661). The trial court, therefore, had the authority to reject the first verdict and instruct the jury to retire and write a new verdict specifying whether it

was against either one or the other or both of the defendants. In the second verdict the jury specifically found "in favor of the plaintiff against Roswell Road-Perimeter Highway Liquor Store in the amount of $10,000.00 damages . . ." As held in Division 1, supra, a verdict exonerating the agent Barre relieves the Liquor Store of any liability since under the doctrine of respondeat superior such a verdict is res judicata in favor of the principal. *Hunter v. Embree,* 122 Ga. App. 576, 577 (178 SE2d 221); *Southern Bell Tel. &c. Co. v. Wallace,* 133 Ga. App. 213, 216, supra.

The jury first returned a verdict "in favor of the plaintiff in the amount of $10,000 general damages . . .," and in an action against two defendants a general verdict in favor of the plaintiff is generally considered to be a finding against both defendants. *Houston v. Ladies' Union Branch Assn.,* 87 Ga. 203 (13 SE 634); *Monk-Sloan Supply Co. v. Quitman Oil Co.,* 10 Ga. App. 390 (73 SE 522). Here, however, the trial court rejected that verdict, recharged the jury and they amended their verdict to find against the Liquor Store only, thereby expressing their intent to exonerate Barre of any liability.

The trial court does not have the authority to amend the verdict in a matter of substance after the dispersal of the jury. Code § 110-111; *Quakenbush v. Quakenbush,* 230 Ga. 649, 651 (3) (198 SE2d 851); *Thompson v. Ingram,* 226 Ga. 668, 671 (2) (177 SE2d 61). The *substance* of the amended jury verdict was to exonerate Barre and to find against the Liquor Store. The trial court's order of December 13 adopted this verdict and made it the judgment of the court. Thus the clear effect of the June 30 order adding a finding of liability against Barre for general damages was to amend the verdict in a matter of substance by reinstating the finding of the first verdict against both defendants, which the court had no power to do six months after the jury was dispersed. See *Reagan v. Reagan,* 220 Ga. 587, 588 (1, 2) (140 SE2d 841). It follows that that part of the judgment amending the verdict to award general damages against Barre and the Liquor Store is invalid.

3. In an action against a corporation and its employee to recover damages for a tort committed by the

employee, where a verdict is returned finding the employee not liable but finding in favor of the plaintiff against the employer, the verdict should be set aside and a new trial granted. *Southern R. Co. v. Harbin,* 135 Ga. 122 (68 SE 1103, 30 LRA (NS) 404, 21 AC 1011). Under this disposition it is unnecessary to consider the remaining enumerations since those errors are not likely to recur upon retrial.

*Judgment reversed. Bell, C. J., and Marshall, J., concur.*

ARGUED NOVEMBER 3, 1975 — DECIDED NOVEMBER 19, 1975 —
REHEARING DENIED DECEMBER 10 AND DECEMBER 19, 1975 —.

*Rolader, Barham, Davis, Graham & McEvoy, D. W. Rolader,* for appellants.

*Swift, Currie, McGhee & Hiers, Guerry R. Moore,* for appellee.