### 30243. BARRETT v. SIMMONS et al.

HILL, Justice.

Plaintiff Barrett appeals from a judgment entered after a special verdict by a jury finding that a warranty deed from Barrett to Charles Wills was a valid conveyance, that a quitclaim deed from Wills to Preferred Corporate Consultants, Inc., was a valid conveyance, and that a deed to secure debt from Preferred Corporate Consultants, Inc., to W. T. Greer, Sr., was a valid conveyance.

Prior to November 30, 1972, Barrett owned a tract of land in Newton County which was subject to an indebtedness in favor of the Federal Land Bank of Columbia secured by a deed to secure debt from Joe E. Simmons and his wife. The principal amount of the debt, which Barrett had assumed, was $135,000. On November 30th at the request of Simmons, Barrett executed a warranty deed conveying the property to Charles Wills. The deed stated that Wills would assume the Federal Land Bank indebtedness. The deed was given to Simmons who later recorded it.

On January 29, 1974, Wills executed a quitclaim deed in favor of Preferred Corporate Consultants, Inc., which stated that the November 30, 1972, warranty deed "was made without the knowledge of the said Charles H. Wills, and he has at no time made any agreements or assumptions with reference to payment of said security

interests." This instrument was also recorded.

Preferred Corporate Consultants, Inc., through its president Simmons, then executed several deeds to secure debt including one to W. T. Greer, Sr., and also entered into a contract to sell the property to W. T. Greer, Sr.

Barrett filed suit in Newton Superior Court on June 21, 1974, to have the warranty deed from himself to Wills canceled on the grounds that he had received no consideration and that there had been no delivery to Wills, and to have the quitclaim deed from Wills to Preferred Corporate Consultants and all its subsequent conveyances canceled and removed as clouds on his title because of lack of title in the grantor. He named Simmons, Wills, and Preferred Corporate Consultants, Inc., as defendants. Greer intervened.

A special master appointed pursuant to Code Ann. § 37-1415 reported that there were two issues of fact for a jury to determine: (1) Whether the warranty deed from Barrett to Wills should be canceled and removed as a cloud on the title for failure of consideration or lack of actual or constructive delivery of the deed to Wills; (2) whether the subsequent conveyances are void for want of title in the grantor.

The case was submitted to the jury on written interrogatories. The jury found (1) that the deed from Barrett to Wills was a valid conveyance, (2) that the deed from Wills to Preferred Corporate Consultants, Inc., was a valid conveyance, and (3) that the deed to secure debt from Preferred Corporate Consultants, Inc., to Greer was a valid conveyance. Barrett appeals from the judgment entered in accord with the jury's findings, urging that the trial court erred in submitting the questions to the jury.

1. Barrett contends that the warranty deed from himself to Wills was without consideration and therefore was not a valid conveyance. He testified that he executed the deed in exchange for Simmons' promise to pay him $300,000 and to remove the Federal Land Bank liability within 30 days. He contends that neither promise was carried out.

Code § 29-101 provides that a deed must be made on a valuable or good consideration. A promise to pay constitutes consideration. Failure to pay the

consideration promised, although it constitutes a breach, does not render the conveyance invalid for lack of consideration. *Morris v. Johnson,* 219 Ga. 81 (1) (132 SE2d 45) (1963); *Harry v. Griffin,* 210 Ga. 133 (1) (78 SE2d 37) (1953); *Nathans v. Arkwright,* 66 Ga. 179 (1a) (1880).

2. Barrett also contends that the deed he executed to Wills was never delivered.

While it is of course true that to be valid a deed must be delivered, such delivery does not have to be to the grantee personally. Code § 29-101. The deed may be received by another authorized to do so by the grantee or may be received by a third person whose actions are later ratified by the grantee. See *Wellborn v. Weaver,* 17 Ga. 267 (1855); 8 EGL 545, § 87.

Here the deed was given to Simmons, who had it recorded, but Wills testified that he later learned of the deed and considered that he had legal title to the property. As further evidence of this belief he executed a quitclaim deed of the property. Although that same quitclaim deed contained language from which the jury could have found otherwise, there was evidence before them from which the jury could find that Wills ratified the delivery of the deed.

3. We find that the trial court did not err in submitting to the jury the question of the validity of the deed from Barrett to Wills. We find further that the verdict of the jury finding such deed to be a valid conveyance is supported by the evidence. That deed having been found to be valid, we find it unnecessary to render an opinion in this case on the validity of the remaining deeds considered by the jury and covered by the judgment of the trial court, for the reason that such opinion would be of no benefit to the appellant-grantor.

For the reasons stated above the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 4, 1975 — DECIDED NOVEMBER 24, 1975.

*Brackett, Arnall & Stephens, H. A. Stephens, Jr., Rodney A. Cobb,* for appellant.

*Lambert & Carter, E. R. Lambert, Charles H. Willis,*

*Casper Rich, Weiner & Bazemore, Paul S. Weiner, Peek, Arnold, Whaley & Cate, W. M. Carson,* for appellees.