## 57828. JONES v. BRAWNER.

SHULMAN, Judge.

Upon the refusal of S. E. Jones' son, daughter, and widow to pay a transfer/perpetual care fee allegedly owing on certain cemetery plots which were given to appellee (Arnold Brawner d/b/a Mosley Memorial Gardens) in exchange for a deed to grave sites in appellee's cemetery, appellee refused to allow the remains of S. E. Jones to be buried in the plot deeded by appellee to S. E. Jones. In an ensuing action, Ettie Wood Jones (S. E. Jones' widow), on behalf of the estate of S. E. Jones, sought to

recover damages allegedly arising from appellee's alleged breach of contract and grossly negligent actions in wrongfully interfering with the burial of S. E. Jones. See, e. g., *Wright v. Hollywood Cemetery Corp.,* 112 Ga. 884 (38 SE 94). (Ettie Wood Jones later died and the case was continued in its present style.) For the reasons stated in Division 4 of this opinion, we reverse the judgment entered on a jury verdict in favor of the defendant-cemetery.

1. During the course of the trial, appellee introduced a deed from Magnolia-Memorial Park, Inc., to one Samuel J. Everett for a certain grave site. This deed, admitted in conjunction with another document which transferred the Everett plot to appellee, was allowed into evidence for the limited purpose of showing when appellee first became aware of the transfer fee charged by Magnolia. We cannot agree with appellant's contention that the admission of the evidence requires reversal.

Appellant sought the exclusion of this evidence on the ground that "that [document] related to some transaction . . . that's totally immaterial . . . to any issue in this case. It has nothing to do with anything . . ." This objection is not such an objection as would be reversible error to overrule. *Associated Distributors, Inc. v. Strozier,* 144 Ga. App. 205 (1b) (240 SE2d 761); *Lanier v. Lee,* 111 Ga. App. 876 (1) (143 SE2d 487). As to a situation where the admission of similar documentary evidence for a limited purpose was held proper, see *Woodland Hills Co. v. Coleman,* 73 Ga. App. 409 (4) (36 SE2d 826).

2. Since testimony concerning the existence of a perpetual care reserve fund did not involve the existence or contents of a writing, such testimony was properly allowed over appellant's best evidence objection. *Hale v. Hale,* 199 Ga. 150 (1) (33 SE2d 441).

3. On cross examination, appellee testified that the Secretary of State's office had verbally authorized the operation of appellee's business as a perpetual care cemetery prior to the issuance of a certificate. Appellant, submitting that verbal authorization is not authorized under any statute, complains that the court erred in admitting this evidence. We cannot agree.

Evidence that appellee had been issued a certificate

about three and a half months after demanding payment of the perpetual care fee allegedly owed by S. E. Jones on the Magnolia plots was elicited by appellant apparently to support his contention that since Mozley was not a perpetual care cemetery, the demand for payment of perpetual care on the Magnolia plots was an unconscionable act for which exemplary damages would lie. Pretermitting whether verbal authorization comports with statutory requirements, evidence of such authorization was admissible for the purpose of showing that exemplary damages were not warranted. *Lawrence v. Atlanta Gas Light Co.,* 49 Ga. App 444 (4) (176 SE 75).

4. By way of defense, appellee asserted a total failure of consideration. As pled, appellee alleged that the deed through which appellant claimed the right of interment was executed and delivered upon the unfulfilled express condition that title to grave sites in another cemetery be conveyed free and clear of all liens. In accordance with this defense and over appellee's proper objection, the trial court instructed the jury that "if you find that the defendant's contentions are true and correct and that Sidney Ernest Jones by the conveyance of the four lots to him by Mozley Memory Gardens did not hold title to an easement [of burial] . . . therein and that there was a total failure of consideration in the exchange of lots, and you further find that title to an easement . . . did not pass in the conveyance, then you would stop at this point and return a verdict for the defendant." Appellant's complaint that this charge constituted reversible error is well taken.

In support of appellant's case, appellant produced a deed conveying to S. E. Jones a right to interment in four grave plots. The deed recited that it was given "in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration." An application for the deed shows that the deed was to be given "in even exchange" for certain described lots at Magnolia-Memorial Park and S. E. Jones' promise to purchase a grave monument. The marker was in fact purchased and paid for by S. E. Jones. Under the evidence as developed, the trial court committed reversible error in instructing the jury that they would be authorized to find a total failure of consideration defeating appellee's claim

to an easement of burial. *Barrett v. Simmons,* 235 Ga. 600 (1) (221 SE2d 25); *Thornton v. North Am. Accept. Corp.,* 228 Ga. 176 (2) (184 SE2d 589); *Brand v. Power,* 110 Ga. 522 (1) (36 SE 53). "Failure to pay the consideration promised, although it constitutes a breach, does not render the conveyance invalid for lack of consideration. [Cits.]" *Barrett,* supra. See also *Smith v. Wheeler,* 233 Ga. 166 (210 SE2d 702).

5. Since the jury found for the defendant, alleged errors in the court's instructions relating to damages could not have harmed appellant. *Maloy v. Dixon,* 127 Ga. App. 151, 156 (fn. 2) (193 SE2d 19). Accordingly, we decline to consider appellant's assertions concerning charges relating to damages. As to damages, see generally *Westview Cemetery v. Blanchard,* 234 Ga. 540 (216 SE2d 776); *Kviten v. Nash,* 150 Ga. App. 589 (3) (1979).

6. Since this judgment must be reversed on other grounds, and since the evidence authorizing such charges may be different on retrial, no ruling will be made on either the failure or refusal to give certain charges. *Gellis v. B. L. I. Const. Co.,* 148 Ga. App. 527 (10) (251 SE2d 800).

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

SUBMITTED MAY 7, 1979 — DECIDED SEPTEMBER 21, 1979.

*Kyle Yancey,* for appellant.
*A. Sidney Parker,* for appellee.

