61053. BYNUM v. STANDARD (CHEVRON) OIL COMPANY.

SHULMAN, Presiding Judge.

Plaintiff brought suit against defendant-Standard (Chevron) Oil Company for damages sustained when the automobile he was driving collided with a truck owned by defendant. From a verdict and judgment in favor of defendant, plaintiff appeals. We affirm.

1. Several of plaintiff's enumerations of error are addressed to the court's allegedly wrongful admission of irrelevant and prejudicial evidence. None of the enumerations merits reversal.

A. Plaintiff asserts that the trial court erred in allowing testimony that he had been divorced in May of 1975, approximately six weeks before the collision. Defendant maintained that such evidence was pertinent and relevant to the emotional attitude of the plaintiff (his state of mind) at the time of the collision. Plaintiff objected to the testimony, arguing that the fact of his divorce was irrelevant and prejudicial.

It has been held that an objection on the grounds of prejudice and irrelevancy does not constitute a proper objection and that it does not therefore present this court with an issue for review. See *McGahee v. State,* 133 Ga. App. 964 (4) (213 SE2d 91).

Even assuming that plaintiff raised a proper objection and that the complained-of testimony was irrelevant, since plaintiff has failed to demonstrate that such evidence prejudiced the presentation of his case, any error in its admission was harmless. See, e.g., *Duel S. Enterprises v. Webb,* 138 Ga. App. 810 (3) (227 SE2d 418).

B. Nor do we find error in defense counsel's questioning plaintiff as to the maximum speed of a Corvette (the make of automobile driven by plaintiff at the time of the collision). First plaintiff's objection on the grounds that such information was irrelevant and immaterial does not pose a proper objection. *Jones v. Brawner,* 151 Ga. App. 437 (1) (260 SE2d 385). Second, even if plaintiff had properly objected to this particular question, since evidence was subsequently admitted on the same question, to which evidence no objection was made, any error in allowing the prior question was harmless. See *Sou. Bell Tel. & Tel. Co. v. Wallace,* 133

Ga. App. 213 (210 SE2d 347); *Ruffin v. Bristol,* 125 Ga. App. 367 (187 SE2d 577); *Rouse v. Fussell,* 106 Ga. App. 259 (126 SE2d 830).

C. Plaintiff complains of the admission of testimony that a brown paper sack on the floor of plaintiff's automobile looked like it contained some cans, on the ground that the testimony was irrelevant and prejudicial. Again, even assuming a proper objection was made (but see Division 1A), since similar testimony as to the contents of the paper sack was admitted without objection, any error in the admission of the complained-of testimony was harmless. See, e.g., *Sou. Bell Tel. & Tel. Co. v. Wallace,* supra; *Ruffin v. Bristol,* supra; *Rouse v. Fussell,* supra.

D. Plaintiff's failure to raise a proper objection likewise precludes this court's consideration of his complaint in regard to a question concerning the amount of alcohol consumed by plaintiff's companion on the day of the collision. See *Jones v. Brawner,* supra.

2. Plaintiff argues on the issue of the admission of the results of a blood-alcohol test; first, that the requirements of Code Ann. § 68A-902.1 were not satisfied for the admission of the test; and, second, that a proper chain of custody was not shown to establish the authenticity of the blood test results.

Defendant contends, on the other hand, that the blood-alcohol test results were admissible under Code Ann. § 38-711 as part of a hospital record. We agree with defendant's contentions in this regard. We do not find that compliance with Code Ann. § 68A-902.1 (a) (2), (3) was a prerequisite to the admission of the blood test results.

Subsections 2, 3, and 4 of Code Ann. § 68A-902.1 (a) specifically state that they are applicable to those situations where a person shall undergo a chemical test *at the request or direction of a law enforcement officer.* Here, no such request or direction was made.

There was evidence at trial that the doctor who treated plaintiff in the hospital emergency room following the collision detected what he thought was the odor of alcohol about the plaintiff, and that he ordered a blood-alcohol test to be performed upon the plaintiff in order to determine the type of anesthesia to use on the plaintiff. The evidence thus showed that the test was performed pursuant to the medical treatment of the plaintiff and recorded in the regular course of hospital business. Moreover, the blood-alcohol test was not administered for the purpose of determining whether plaintiff violated Code Ann. § 68A-902. Accordingly, it was not necessary that defendant establish compliance with Code Ann. § 68A-902 to render the test results admissible. The blood test results thus recorded in the regular course of hospital business were admissible under Code Ann. § 38-711.

Plaintiff also submits that the results were inadmissible on the ground that the chain of custody of the blood sample was not sufficiently proved to establish the reliability of the results. Even assuming there were gaps in the chain of custody, Code Ann. § 38-711 provides that when evidence is otherwise properly admitted as a business record *"[a]ll other circumstances* of the making of such writing or record, including lack of personal knowledge by the entrant or maker, *may be shown to affect its weight, but they shall not affect its admissibility."* (Emphasis supplied.)

That being so, gaps in the chain of custody of the blood sample admitted as part of the hospital record would not affect the admissibility of the test results but merely go to the weight of the evidence accorded by the jury. We thus find no error in the admission of the test results.

3. Plaintiff asserts error in the following hypothetical question posed by defense counsel to an expert witness: "Now, let's assume that an individual drank beer for awhile and then drank whiskey or some form of — other kind of ethyl alcohol. Are you able to establish with any precision the length of time it takes an average person to get to one nine [.19 was the blood alcohol level of plaintiff recorded by the hospital] when you're mixing these things up?"

Although there was no direct evidence that the plaintiff had anything other than beer to drink, the evidence showed that he had a blood-alcohol level of .19. Since the plaintiff testified that he had had only a few beers to drink, his testimony regarding the level of his alcohol consumption was impeached and inherently suspect. There was evidence that alcohol (in a form other than beer) was available to the plaintiff and evidence that his consumption of alcohol resulted in a blood-alcohol level of .19. A hypothetical question thus directed to the amount of beer or other alcohol that would produce a reading of .19 does *not* raise facts that were *not* in evidence, but raises facts that were at least indirectly in evidence or implied by the plaintiff's blood test results and his conflicting testimony.

Moreover, in view of plaintiff's failure to demonstrate any harm flowing from such question, any error in allowing the question would be considered harmless error.

4. Plaintiff complains of the following charge: "I charge you, members of the jury — and this is the law of Georgia — except when a special hazard exists that requires lower speed, which is not applicable here, the limits, except as set out in the previous code sections that I have just charged you, the limits hereinafter specified or established as hereinafter authorized shall be the maximum lawful vehicle speeds and no person shall drive a vehicle at a speed in excess of the following maximum limits: 30 miles per hour in any urban or

residence district; 55 miles per hour in any other location. Now, I charge you that if you find by a preponderance of the evidence that this plaintiff has violated this statute, then he would be guilty of negligence per se."

It is plaintiff's contention that the reference in the charge to the 30 mph. speed limit in residential and urban areas left the jury with the misimpression that it was a question of fact as to the particular speed limit applicable, whereas the evidence indisputably showed that the collision occurred in a 55 mph. speed limit zone.

We agree, as does the defendant, with plaintiff's contention that the 55 mph. speed limit was applicable. Indeed, in light of the evidence as to the location of the collision, the jury could not have been misled by the court's superfluous charge as to the speed limit in urban and residential areas. Since the evidence on the relevant speed limit (55 mph.) was not apparently in dispute, the charge as given did not constitute reversible error.

"An inappropriate charge, unless harmful, is not ground for a new trial. [Cits.] Appellant has not demonstrated how this charge has harmed him nor are we constrained to believe that the jury could have been led away by this one charge from the issues in the case." *Johnston v. Woody,* 148 Ga. App. 152 (2) (250 SE2d 873). This enumeration of error does not present grounds for reversal.

While we recognize the severity of plaintiff's injuries and the hardship of an adverse verdict and judgment, we find no error mandating the grant of a new trial.

*Judgment affirmed. Quillian, C. J., Deen, P. J., Birdsong and Sognier, JJ., concur. McMurray, P. J., Banke, Carley and Pope, JJ., dissent.*

DECIDED FEBRUARY 16, 1981 —
REHEARING DENIED MARCH 9, 1981 —

*Richard B. Thornton,* for appellant.
*Jule W. Felton, Jr., Carr G. Dodson, Kirk M. McAlpin, Jr.,* for appellee.

CARLEY, Judge, dissenting.

While I concur in Divisions 1, 2 and 4 of the majority opinion, I cannot agree with the analysis and holding in Division 3 of the opinion with regard to the propriety of the hypothetical question propounded to defendant's expert. The expert was asked, "Now, let's assume that an individual drank beer for awhile and then drank whiskey or some form of—other kind of ethyl alcohol. Are you able to

establish with any precision the length of time it takes an average person to get to one nine *when you're mixing these things up?"* (Emphasis supplied.) Plaintiff timely objected at trial to the hypothetical question on the basis that there was no evidence of any consumption of *liquor* by the plaintiff. My review of the record verifies that, indeed, there was no evidence from either party that the plaintiff consumed any alcoholic beverage other than beer on the day of the collision. Therefore, on its face, the hypothetical question is deficient in that it states facts not in evidence. The majority attempts to circumvent the well established requirement of the necessity that a hypothetical question be supported by and adjusted to the facts in evidence by pointing to the testimony that plaintiff was in a place where mixed drinks were available and by emphasizing the evidence "that his consumption of alcohol resulted in a blood-alcohol level of .19." Based upon the possible "availability" to plaintiff of alcohol in a form other than beer combined with the blood-alcohol test—which, at best, can only support a finding that the level ascertained was produced by consumption of some type alcohol—the majority excuses the factual deficiencies in the hypothetical question by fantasizing that the question was "directed to the amount of beer *or* other alcohol that will produce a reading of .19 . . ." (Emphasis supplied.) What the majority implies is that because the hypothetical question included *one or more* facts which were in evidence, directly or indirectly, the propounder of the hypothetical question automatically had license to add assumptions not supported by the record. However, it is important to note that the question which this court now approves as to form and substance was *not* as the majority rationalizes, phrased in terms of an assumption based upon consumption of beer *or* other alcoholic beverage. The question specifically and unequivocally sought to elicit the expert's opinion based upon an assumption that beer was *mixed* with whiskey or other form of "hard" alcohol.

The question was designed to present an indication that the plaintiff had consumed alcohol in a form other than beer. That such was the thrust of the question is evidenced by the answer of the expert given after the overruling of the objection: "It would depend on the degree of *mixing.* Mixed drinks do have a higher alcoholic content than beer, so that, of course, it takes fewer ounces of, say, eighty-six proof whiskey to get to the same leve[l] as it does beer, so you need—I would need more information as to the combination to give you any type of general—specific answers to how much whiskey versus beer. It could be in any proportion." (Emphasis supplied.)

Considering the content as well as the apparent intent of the hypothetical question, the absence of any evidence supporting

consumption by plaintiff of anything other than beer, and the response of the expert to the hypothetical question, I believe that the trial court erred in failing to sustain the objection. See *Ga. Power Co. v. Crutchfield,* 125 Ga. App. 488 (188 SE2d 140) (1972). Because the alcoholic consumption of plaintiff was a crucial factor in the defendant's case and in view of the plaintiff's dispute of the accuracy of the blood-alcohol test, I am convinced that the erroneous allowance of the improper hypothetical question was harmful and that reversal is required. Therefore, I respectfully dissent.

I am authorized to state that Presiding Judge McMurray, Judge Banke and Judge Pope join in this dissent.