## 62598. JONES v. BRAWNER.

DEEN, Presiding Judge.

1. This is the third trial of this case. One ended in mistrial, the other two in defendant's verdicts. See *Jones v. Brawner,* 151 Ga. App. 437 (260 SE2d 385) (1979). Briefly, the action is for damages for refusal of Brawner, a cemetery owner, to allow Jones' body to be buried in a plot which it is contended belonged to him. There was an original trade under which Jones gave four lots in another cemetery to Brawner (father of the present defendant, both d/b/a Mozley Memorial Gardens) in exchange for lots in Brawner's Mozley Memorial Gardens. The testimony is that the trade was made at the instance of a former part owner and saleswoman in Mozley. It is agreed that the trade was conditioned on Jones buying and paying to have a marker erected, which was done. Testimony is in dispute as to whether it was also conditioned on the original (Magnolia Cemetery) lots being delivered free and clear. The deeds were physically delivered to the owners of Mozley but new deeds were not executed, this explained by the fact that the Mozley owners wanted to sell the Memorial lots and have the deeds direct from Jones to the new purchasers.

Prior to the death of Jones, Brawner found that the Magnolia lots were not free and clear but were subject to certain assessments for perpetual care, and informed members of Jones' family to this effect but no action was taken. Accordingly, on the death of Jones, Brawner refused the right to burial in Mozley unless deeds free and clear of the perpetual care assessments in Magnolia were delivered to him, which was not done. The case on its prior appeal here was decided on the failure of consideration defense then being urged by the defendant, and it was held that failure to pay the consideration promised, although a breach, did not render a conveyance invalid for lack of consideration and granted the plaintiff a new trial. Id., p. 440, and see *Barrett v. Simmons,* 235 Ga. 600 (221 SE2d 25) (1975).

Upon retrial the defendant contended that regardless of failure of consideration the plaintiff was not entitled to prevail since this court must construe the evidence in favor of the verdict rendered and, so construed, evidence that the plaintiff had failed to deliver unencumbered title to the defendant of the lots offered in exchange for the Mozley plot shows, as the jury found, that the plaintiff's decedent had failed to perform the contract sued upon. A plaintiff seeking to enforce an alleged contract has the burden and must show performance on his part; otherwise, he is not entitled to a verdict against the defendant. *Bennett v. Burkhalter,* 128 Ga. 154 (57 SE 231) (1907). Whether or not performance by the plaintiff's deceased (a

necessary precondition to this action against the defendant for breach of contract) including delivery of "a perfect equity" — that is, one not subject to prior debts in favor of third parties — was a question for jury determination, especially in view of the fact that, for whatever reason, no deeds had ever been executed in favor of Brawner. The evidence demands a finding that the lots in question were in fact subject to a perpetual care assessment being urged by Magnolia. Accordingly, the general grounds are without merit. The same is true of all but one of the special grounds, all of which deal with jury instructions and seek, in one way or another, to construe charges to the effect that the plaintiff held good title to the Mozley lots. The instructions as given were evenly balanced between plaintiff and defendant and were without error.

2. Plaintiff's attorney called upon the defendant to produce certain rules and regulations of the cemetery. Those produced were dated 1978 and contained the provision: "Unless the designated grave site has been paid for in full prior to use, Management may decline to permit its use until the full amount shall have been paid in full." The witness read this provision aloud during plaintiff's attorney's cross examination of the defendant and without objection. At a later time the document was tendered in evidence by the defense and objected to on the ground that it was dated after the transaction in question had taken place. The court then said: "Well, for the limited purpose of showing that there were some rules adopted in 1978, several years after this transaction: for a limited purpose I will allow it." No further objection was made. Assuming but not deciding the ruling to be error, it was harmless in view of the fact that it had already been placed before the jury in oral testimony without objection. *Johnson & Schultz &c. v. Overnite Transp. Co.,* 128 Ga. App. 392 (2) (196 SE2d 681) (1973).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 21, 1981 —
REHEARING DENIED NOVEMBER 6, 1981 — 

*Kyle Yancey,* for appellant.
*A. Sidney Parker,* for appellee.