A90A0942. JACKSON v. THE STATE.
(397 SE2d 13)

SOGNIER, Judge.

Brazell Jackson was indicted for DUI, driving on the wrong side of the road, and three counts each of first and second degree vehicular homicide. After being convicted on all counts and sentenced on the first degree homicide counts, he filed this appeal.

In three enumerations of error appellant contends the trial court improperly admitted evidence of the results of a blood test performed by an emergency room physician, and that when the test evidence is properly excluded, a directed verdict of acquittal is demanded. The trial testimony established that at about 6:00 p.m. on the night of

December 25, 1988, appellant was traveling on Highway 140 in Floyd County. Stanley Hinson, who testified that he was behind appellant's truck for several miles, saw appellant repeatedly stray across the centerline, and observed appellant's head bobbing as though he was dozing off. Appellant then crossed into the opposite lane and hit another car head on, killing three passengers and injuring himself. Hinson testified that when he approached appellant, he noticed that appellant's speech was slurred and that he smelled of alcohol. Both police officers who investigated the collision testified that appellant smelled of alcohol, had slurred speech, and appeared confused. Additionally, Officer Mark Hamrick stated that when he asked appellant whether he had been drinking, appellant responded, "Yes, sir. I dr[a]nk a few."

The State proffered the results of two blood-alcohol tests. The first, which indicated an alcohol level of .055 grams percent, was performed on a blood sample collected at 7:10 p.m. at the direction of Dr. Dale Menard, the emergency room physician who treated appellant. Menard testified he ordered the test because appellant smelled of alcohol and appeared to be intoxicated, and thus appellant's blood alcohol level was relevant to Menard's treatment decisions. It is undisputed that this test, although performed by the hospital's state-certified laboratory, was not performed by a person holding a GBI permit as defined in OCGA § 40-6-392 (a) (1), nor was it performed on the type of machine approved by the GBI. See id. The second test admitted into evidence, which was conducted in accordance with OCGA § 40-6-392 (a), was performed on a blood sample obtained by Officer Hamrick approximately two hours after the collision and indicated an alcohol content of .015 grams percent, which the GBI chemist performing the test characterized as a "trace amount."

Additional testimony was adduced that appellant was a "brittle" diabetic who often had extreme fluctuations in his blood sugar levels; that one whose blood sugar level is too high may experience dizziness, confusion, and slurred speech; and that when appellant was admitted to the hospital he had a blood sugar level of 375 (the normal range being 70-120). The evidence also established that appellant had cardiovascular disease and that on at least one prior occasion had an incident of dizziness and confusion while at work.

The trial court admitted the results of the blood test performed by the hospital as a business record pursuant to OCGA § 24-3-14. Appellant contends this decision was erroneous because the more specific provisions of OCGA § 40-6-392 (a) control, and that statute precludes the admission into evidence in a DUI trial of the results of tests not performed in accordance with the statutory requirements.

OCGA § 40-6-392 (a) provides in pertinent part: "Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person in violation of [OCGA §] 40-6-

391, evidence of the amount of alcohol . . . in a person's blood . . . at the alleged time, as determined by a chemical analysis of the person's blood . . . shall be admissible. Where such a chemical test is made, the following provisions shall apply: (1) Chemical analysis of the person's blood, . . . to be considered valid under this Code section, shall have been performed according to methods approved by the [GBI] and by an individual possessing a valid permit issued by the [GBI] for this purpose." In *Bynum v. Standard Oil Co.,* 157 Ga. App. 819, 820 (2) (278 SE2d 669) (1981), a civil action for damages arising out of an automobile collision, the defendant contended the plaintiff had been driving under the influence of alcohol and introduced into evidence the results of a blood test performed under circumstances identical to those in the instant case. This court concluded that the trial court properly admitted the test results as a business record of the hospital notwithstanding the lack of compliance with Ga. Code Ann. § 68A-902.1 (a) (now OCGA § 40-6-392 (a)) because the test was performed pursuant to the provision of medical treatment in the ordinary course of the hospital's business, not for the purpose of establishing a violation of Ga. Code Ann. § 68A-902 (OCGA § 40-6-391).

We agree with the State that the analysis of *Bynum* is applicable here, for the test at issue also was administered for the purpose of assisting in appellant's medical treatment. It was requested by the treating physician, not a law enforcement officer, and was not obtained for the purpose of showing that appellant was in violation of OCGA § 40-6-391. This finding also is consistent with the Supreme Court's pronouncement in *Perano v. State,* 250 Ga. 704, 707 (300 SE2d 668) (1983) that OCGA § 40-6-392 (a) "provides for the procedures to be used where the state administers the test." Although *Bynum* was a civil case, we see no reason to distinguish it on that basis because OCGA § 40-6-392 (a) by its terms applies equally to civil and criminal actions, and OCGA § 24-3-14 regularly has been applied in criminal trials. E.g., *Head v. State,* 246 Ga. 360, 365-366 (11) (271 SE2d 452) (1980). Accordingly, we find the trial court properly admitted the results of the blood test administered by the hospital.

Therefore, since we find no error in the admission of the test results showing a blood alcohol level of .055 grams percent, we hold that the evidence as a whole authorized a rational trier of fact to find appellant guilty of the charged crimes. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). For the same reason, appellant's contention that the State presented only circumstantial evidence of his alleged intoxication and did not rule out the possibility that he was suffering from transient ischemic attack as a consequence of his high blood sugar level is without merit.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Steve Bennett*, for appellant.

*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.