A95A1661. JONES v. THE STATE.
(462 SE2d 804)

BIRDSONG, Presiding Judge.

Andrew William Jones appeals his convictions for driving under the influence of alcohol. He contends the trial court erred by admitting a hospital blood alcohol test result obtained in violation of the implied consent law, erred by admitting evidence of a purported similar transaction, erred by permitting a prosecution witness to be qualified as an expert witness to communicate hearsay evidence relating to the effects of blood alcohol percentages when such evidence was outside the expert's area of expertise, and erred by allowing "hearsay evidence of the expected manifestations of blood alcohol percentage results on persons with particular blood alcohol test results." *Held:*

1. Although Jones was also convicted of speeding in this trial, he has not enumerated any error concerning that conviction. Therefore, Jones' conviction for speeding is affirmed.

2. Jones complains that the trial court erred by admitting in evidence the result of an additional blood alcohol test he requested even though the trial court earlier suppressed the results of the State's test because Jones was not advised of his right to have an *independent* additional test. See *State v. Causey,* 215 Ga. App. 85, 86 (449 SE2d 639); *State v. Peters,* 211 Ga. App. 755, 756 (440 SE2d 515).

In granting Jones' motion in limine excluding the results of the State's test, the trial court stated: "Defendant was not advised of his right to an independent test or additional test of his own choosing. Such is required for the admissibility of the test results at trial. *State v. Peters,* [supra]. An additional test is not the same thing as an additional test of one's own choosing (i.e., an independent test). The obvious legislative purpose of OCGA § 40-6-392 (a) (3) is to allow one to

choose his or her own test after taking the one requested by the State. This procedure helps dissipate any feelings the DUI suspect may have of collusion, fraud, or inaccuracy in the State-administered testing. It also enables the suspect to obtain independent evidence to refute a possible erroneous State test result.

"Even though in this case defendant did request an additional test and received one, he might have requested an additional test at another medical facility if he had been properly informed that the additional test could be one of his own choosing or an independent test. As stated by the court in *Nelson v. State*, 135 Ga. App. 212 [(217 SE2d 450)], 'It is also logical that the legislature intended that this right be made known to the defendant at the time of his arrest in order that he may, if he so chooses, challenge the accuracy of the chemical test administered by the State at the only time such a challenge would be meaningful.' *Nelson*, Id., at 214."

Nevertheless, upon the State's subsequent motion, the trial court ruled that the results of Jones' additional, but not independent, blood test were admissible under *Jackson v. State*, 196 Ga. App. 724 (397 SE2d 13) and *Bynum v. Standard Oil Co.*, 157 Ga. App. 819, 820 (278 SE2d 669), because the additional test was taken at Jones' request and not at the police officer's request. The trial court's reliance on these cases is misplaced. In both cases the tests at issue were administered for medical purposes and not in connection with establishing a violation of OCGA § 40-6-391. See *Jackson v. State*, supra at 726. Here, of course, the opposite is true.

The issue thus presented is whether the State may introduce evidence of the results of the additional, but not independent, blood alcohol test requested as a result of the deficient warning when the State's blood test is invalid because Jones was not advised of his right to have an additional, independent blood test performed. We hold that the State cannot do so.

Under our law, the State may not prevent a defendant from exercising his right to an independent test, and if the State does so, the results of the State's test must be excluded. See *State v. Buffington*, 189 Ga. App. 800 (377 SE2d 548). Also, if the State misadvises a defendant of his right to obtain an additional, independent test, the State is prevented from introducing evidence of a defendant's refusal to submit to the State's test. See *State v. Hassett*, 216 Ga. App. 114, 115 (453 SE2d 508).

In the same manner, we find that the failure to advise properly a defendant of his right to an independent, additional blood alcohol test prevents the State from introducing the results of the additional test. "[T]o utilize the results of a blood-alcohol test to establish criminal liability against a defendant, there must be compliance with OCGA § 40-6-392." (Citation, punctuation, and emphasis omitted.)

*Munda v. State*, 172 Ga. App. 857, 859 (324 SE2d 799). As the results of the additional test were the product of the inaccurate warning given by the officer, these results must be excluded from the State's case-in-chief just as the results of the State's test were excluded. Moreover, we can find neither substantial compliance with the statutory requirements because Jones actually received an additional test nor harmless error. To accept either proposition, "we must first find that the 'of his own choosing' language in OCGA § 40-6-392 (a) (3) is superfluous. This we refuse to do. We do not believe substantial compliance means it is permissible to ignore completely the 'particulars' of the laws of this state or that it is permissible to ignore statutory requirements as long as no harm is shown. The mandatory requirement is that when the State seeks to prove the violation by evidence of a chemical test, the State has the burden of demonstrating compliance with the statutory requirements." (Citation and punctuation omitted.) *State v. Hughes*, 181 Ga. App. 464, 467 (352 SE2d 643). Moreover, the failure to give proper warnings invalidates the results of any test. *Garrett v. Dept. of Public Safety*, 237 Ga. 413, 415 (228 SE2d 812). This does not mean, however, that the State cannot use the results of an additional test in rebuttal when warranted by the defendant's conduct. See *Charlton v. State*, 217 Ga. App. 842, 844 (459 SE2d 455).

Therefore, as the trial court erred by admitting in evidence the result of this blood test, we must reverse Jones' conviction for DUI.

3. Because we have reversed Jones' conviction for DUI and the other errors enumerated do not concern his conviction for speeding, we need not consider his remaining enumerations of error.

*Judgment affirmed in part and reversed in part. Johnson and Smith, JJ., concur.*

DECIDED OCTOBER 4, 1995.

*Burkett, Schneider & Mumford, William Schneider*, for appellant.

*Cheryl F. Custer, District Attorney, S. Dabney Yarbrough, Michael M. Hawkins, Assistant District Attorneys*, for appellee.